BREAUX, C. J.
Defendants appeal from-a judgment which condemned them to serve four months at hard labor in the penitentiary. They were indicted for stealing -two hogs belonging to Charles Nicholls. After the trial they were condemned to the penitentiary, as just mentioned.
The grounds of defense are before us asset forth in two bills of exceptions, as stated *421 in a motion for a new trial and in a motion in arrest of judgment.
The first bill of exceptions states, in substance, that the witness Charles Nicholls, on cross-examination, after having been properly admonished by counsel for the accused that a certain question would be asked him, and his answer thereto requested, as to a certain statement he had previously made out of court, was asked by defendants’ counsel whether he had said to Mr. James Simon, one of the counsel for the defense, as follows: “I had had the accused arrested for stealing my hogs, but that I had made an error,” and that you wanted to “withdraw the charge.”
The witness denied that he had ever made any such statement.
Subsequently, Simon, as a witness for the defense, was asked by the other counsel for the accused whether or not such a statement was made to him (Simon) by the witness. To this question Simon, as a witness, answered in the affirmative.
The state objected to the testimony of James Simon, and the court maintained the objection. The ground of the objection was, first, “that by the evidence of Mr. Simon it was sought to introduce proof of a compromise by the prosecuting witness in a case of felony; and, second, because the testimony was irrelevant.”
No question but that the fact is as just stated by counsel as a witness; that the witness called upon him and made the statement before mentioned; that, in addition, as stated in the record, he (Simon), after this statement had been made to him by the witness, sought, properly, as we think, to have the charge brought against his client withdrawn, but that the justice of the peace was absent just at the time, and that on his return a short time thereafter the witness Nicholls had left the town.
Within a few days afterward a preliminary examination was held before the justice of the peace. Nicholls testified at this examination. The justice of the peace committed the accused to appear before the district court, and, on trial before the district court, the question was propounded as before mentioned, after proper predicate had been laid, and answered as before stated.
The court unanimously holds that a witness cannot be examined as to any fact which is entirely collateral and irrelevant only for the purpose of impeaching the witness, and that, if it were otherwise, the examination might break into issues immaterial upon question of the credibility of a witness.
But here a majority of the court holds that the question was material and relevant for the purpose of impeaching the witness, and for that reason that the ruling was not sustained by the principle of evidence which holds as settled that a witness cannot be examined as to a fact which is collateral and irrelevant. The majority of the court holds that the excluded testimony should have been permitted, and the question to witness Nicholls propounded and admitted in evidence; that the fact was not collateral and irrelevant.
The grounds for holding that it is material and relevant are that the purpose was to contradict the witness regarding his own veracity. The organ of the court was not entirely of that view, for the reason that the trial court is vested with large discretion in matters such as that here involved.
Jones, the Law of Evidence, vol. 3, p. 830.
The view of the majority being as above stated, the case must be remanded in order to admit testimony on the line before indicated.
We take up the next question before us for decision; that is, that the verdict is contrary to the law and the evidence.
Grounds as broad and undefined present no good cause for special review, and will not afford ground for comment unless it is *423 manifest to the court, in some way, that the evidence is contrary to law and evidence.
It does not appear to us, to the extent that it becomes necessary to review the issue, that the verdict is contrary to the law and the evidence.
This brings us to the motion for new trial, the first ground of which is that after the trial the defendants discovered new evidence, unknown to them before the trial, proving that the witness Charles Nicholls had stated to another witness than Mr. Simon the facts as stated by the latter. The testimony of this witness Simon did not need corroboration. It is accepted as absolutely true, there was no corroboration needed, and therefore there is nothing to the bill of exceptions for review.
The motion for a new trial having been overruled, a motion in arrest of judgment was interposed on the ground that the Act of 1902, p. 161, No. 107, is unconstitutional, because larceny, being a felony, regardless of the value of the property stolen, can in no event be included under a general title of misdemeanor or minor offenses; because “section 5 [page 162] of said act, relating to the crime of larceny, grades a felony, and not, as it purports, a misdemeanor; because the act embraces more than one object, and that the grading of a felony is not embraced in its title.”
Whatever may become of the statute attacked, evidently there remains a statute extant and in full force, denouncing the crime of larceny, as shown by section 812 of the Revised Statutes. If this statute (that enacted in 1902) be unconstitutional, it cannot affect the prior statute upon the subject.
The sentence imposed falls within the terms of each statute. 'A law in all respects perfectly valid, as the statute (Acts 1874, p. 220, No. 124), cannot be repealed by an unconstitutional enactment. A law is only repealed by a valid act of the Legislature. A law is repealed by a law, and not by an enactment that is abortive because it is illegal.
The defendants were not prosecuted and convicted specially under the provisions of Act No. 107, p. 161, of 1902. They were indicted for larceny, and found guilty of that crime. Section 812 of the Revised Statutes.
We must say, nevertheless, here, that it is true that section 5 of Act No. 107, p. 102, of 1902, to the extent that it assumes to grade the offense of larceny, when the article or thing stolen is of the value of $20, will not stand the test of constitutionality.
This statute has made the offense a felony by declaring that the theft of an article of that value shall be punished by imprisonment in the parish prison or in the penitentiary for a term not exceeding two years.
Felonies and misdemeanors cannot be graded together under an act bearing the title to grade misdemeanors and minor offenses.
Misdemeanors and minor offenses are not of the same class as felonies, punishable at hard labor in the penitentiary, and cannot be graded together as proposed in the section before mentioned.
To the extent that this act attempts to grade such felonies, it is illegal, and cannot affect the prior statute. This statute is not touched by this ruling to that extent.
The ruling was correct, except as to the testimony of Nicholls, excluded, as before mentioned.
The law and the evidence being with defendants, it is ordered, adjudged, and decreed that the judgment of the district court, the sentence, and the verdict, be, and they are, annulled, avoided, and reversed, and the case is remanded to the district court for a new trial, and for further proceedings not inconsistent with this opinion.