(38 South. 407.)

No. 15,580.

STATE v. EUBANKS.

(March 27, 1905.)

CRIMINAL LAW—GRADING MISDEMEANORS—
CONSTITUTIONAL LAW—LARCENY
—PUNISHMENT.

1. Section 5 of Act No. 107, p. 162, of 1902 ("To grade misdemeanors and minor offenses," etc.), is constitutional in so far as it grades the offense of petty larceny and makes the same punishable by imprisonment in the parish jail.

2. In State v. Dalcourt, 36 South. 479, 112 La. 420, it was held that the same section was unconstitutional only in so far as it made the larceny of objects of the value of $20 and over punishable by imprisonment at hard labor in the penitentiary.

(Syllabus by the Court.)

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; George Kent Favrot, Judge.

William Eubanks was convicted of larceny and appeals. Dismissed.

Brunot & Jones, for appellant. Walter Guion, Atty. Gen., and Hubert Nicholls Wax, Dist. Atty. (Lewis Guion, of counsel), for the State.

LAND, J. The defendant was tried before the judge without the intervention of a jury, on an information charging him with the larceny of seven sacks of cotton seed of the value of $15, and was found guilty by the court.

Defendant moved in arrest of judgment on the grounds that he had been denied his

constitutional right of trial by jury, and that Act No. 107, p. 161, of 1902, is unconstitutional in so far as it purports to grade larceny as a misdemeanor.

This motion in arrest was overruled, and the defendant was sentenced to be imprisoned in the parish jail for a term of six months.

From this sentence defendant has appealed, and the state has moved to dismiss the appeal for want of jurisdiction in this court.

Article 85 of the Constitution of 1898 provides that the jurisdiction of the Supreme Court shall extend "to criminal cases on questions of law alone, whenever the punishment of death or imprisonment at hard labor may be inflicted, or a fine exceeding three hundred dollars, or imprisonment· exceeding six months, is actually imposed."

Under the provisions of section 8 of Act No. 124, p. 223, of 1874, the crime of larceny is divided into grand and petty larceny, and it was enacted that "the larceny of any property or money or objects under the value of one hundred dollars shall constitute the crime of petty larceny, and be punishable with imprisonment in any parish prison, or at hard labor in the penitentiary, at the discretion of the court, for not more than two years." Hence, if Act No. 107, p. 161, of 1902, making the larceny of property of less value than $20 punishable by imprisonment in jail, be unconstitutional, and therefore void, the act of 1874 is still in force, and ergo the offense with which the defendant is charged may be punishable at hard labor, and therefore is within our appellate jurisdiction. We consequently are forced to decide the issue raised by the motion in arrest, in order to determine the question of our jurisdiction.

Article 155 of the Constitution of 1898 reads as follows:

"The General Assembly shall grade all misdemeanors and minor offenses against the state, and shall fix the minimum and maximum penalties therefor."

Act No. 107, p. 161, of 1902, was passed in obedience to the requirement of this article, which is embraced in its title. Section 5, p. 162, provides for the grading and punishment of petty larceny, when not accompanied by burglary or other crime, as follows:

"Whoever shall be guilty of the larceny of property of a less value than five dollars shall be imprisoned not more than sixty days, nor less than ten days; if said property shall be of value of five dollars or more, but less than twenty dollars, the punishment shall be imprisonment for not more than six months, nor less than one month; if the value of said property be twenty dollars or more but less than one hundred dollars the punishment shall be imprisonment, with or without hard labor, not exceeding two years and not less than two months."

The contention of defendant is that petty larceny is a felony, and not, therefore, within the purview of article 155 of the Constitution, or of the title of Act No. 107, p. 161, of 1902. The word "felony" in American Law has no very definite or precise meaning, except in cases where it is defined by statute. "Apart from this, the word seems merely to imply a crime of a graver or more atrocious nature than a misdemeanor." Black's Law Dictionary. The term "felony" does not appear in the Constitution of 1898. In that instrument the words "offense" and "crime" are used as synonymous, and "misdemeanor" as the lowest grade of offenses. Articles 9 and 12. Hence, in construing article 155, the words "minor offenses against the state" must be construed as meaning minor crimes, such as petty larceny and the like, which may be punishable by imprisonment in the penitentiary. The article reads "all misdemeanors and minor offenses against the state," and should be construed so as to give effect, if possible, to all of its terms. Bank v. Huie, 1 Rob. 236.

We cannot ignore or expunge the words "minor offenses" as tautological or meaningless. We think the words were used advisedly to designate those minor crimes which, in the discretion of the court, may be pun-

ishable by imprisonment in the parish jail or in the penitentiary, or, in other words, as misdemeanors or as felonies.

Article 155 of the Constitution authorized the Legislature to grade "all misdemeanors and minor offenses against the state," and to fix the minimum and maximum penalties therefor. This delegation unquestionably authorized the Legislature to alter and change the penalties prescribed by existing laws. In State v. Dalcourt, 112 La. 420, 36 South. 479, we held that section 5 of act No. 107, p. 162, of 1902, was unconstitutional in so far as it assumed to grade the offense of larceny of the value of $20 and over and make the same punishable by imprisonment at hard labor in the penitentiary. In that case the defendant's conviction was within the purview of both Act No. 124, p. 220, of 1874, and of Act No. 107, p. 161, of 1902, and it was unnecessary, perhaps, to pass on the constitutionality of the latter act, as the conviction and sentence were valid under the former. But be that as it may, the decision does not affect that part of section 5 of Act No. 107, p. 162, of 1902, which makes the larceny of property of value less than $20 punishable by imprisonment in jail as in case of misdemeanor. In the Dalcourt Case it was held that under article 155 of the Constitution of 1898, it was not competent for the Legislature in grading misdemeanors and minor offenses and fixing penalties therefor to make an offense a felony, punishable at hard labor in the penitentiary. We did not hold, nor intend to hold, that it was not competent for the Legislature to grade petty larceny as a "minor offense" and make it punishable by imprisonment in the parish jail.

Being of opinion that Act No. 107, p. 161, of 1902 is constitutional in so far as the case before us is concerned, we are compelled to dismiss the appeal for want of jurisdiction; and it is so ordered.