the adjudication operated merely as a payment of the taxes, begins with the premise:

"There are no rights of third persons involved in this litigation."

The question of the constitutional prescription was not presented or considered. In the instant case we take it that, the kinship and co-ownership of George H. Packwood with the plaintiffs not appearing on the face of the record, the learned judges of the Court of Appeal found no reason for believing that the defendant company knew, when it purchased the property, that such relations existed. But, whether that was their view or not, we have examined the record, which was forwarded with the request for instructions, and we fail to find that the evidence adduced brings home to the defendant any such knowledge. Whether our conclusion would be different if the fact were otherwise, it is unnecessary here to decide. We are quite clear that a third person purchasing real estate upon the faith of an apparently valid tax title, as disclosed by the public records, and holding actual possession for three years, is protected, by the prescription established by article 233 of the Constitution, from attacks arising out of equities between the apparent and nonapparent owners, and the question propounded is, according, answered in the affirmative.

For concurring opinion of BREAUX, C. J., see 44 South. 807.

━━━━━━

(44 South. 807.)

No. 16,861.

STATE v. ABRAMS.

In re ABRAMS.

(Nov. 12, 1907.)

PROHIBITION—WHEN GRANTED — IMPOSITION OF SENTENCE.

Defendant, who was tried and found guilty in a criminal case which is unappealable, seeks in this present proceeding to prevent the trial court imposing sentence upon him, on the ground that the statute for violation of which he was found guilty is unconstitutional.

Ruling: The court will not interpose its authority to prevent the imposing of the sentence. Relator should have recourse to the writs asked for after the sentence has been imposed, not before.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Prohibition, § 67.]

(Syllabus by the Court.)

Herman Abrams was convicted of crime, and applies for writs of certiorari and prohibition. Refused, without prejudice.

Hudson, Potts & Bernstein, Allen Scholars, and O. C. Dawkins, for relator.

NICHOLLS, J. It appears from the allegations of relator's petition applying for writs of certiorari and prohibition, that, in September, 1907, the district attorney for the Sixth judicial district filed an injunction in the district court for the parish of Ouachita, charging relator with having violated Act No. 57 of 1898, known as the "slot machine law," in that he permitted a minor to play or gamble with a slot machine; that he was arrested under a warrant based upon said information, and was arraigned on the charge made against him; that in October, 1907, he was tried upon and convicted under that charge; that thereupon he filed motions for a new trial and in arrest of judgment, alleging that Act No. 57 of 1898 was illegal and void, for the reason that it was violative of article 31 of the Constitution of 1898, for a number of reasons assigned; that the motions for a new trial and in arrest were overruled; that the judge of the district court was about to sentence him under the provisions of the act mentioned, and will do so unless prohibited from so doing, from which sentence he will have and has no right of appeal; that his only remedy is through writs of certiorari and prohibition.

In view of the premises he prays that this court command the district judge to certify the record in the said case and send the same to this court; that he be restrained and pro-

hibited from proceeding further in the said case, and from passing sentence upon him; that the said Act No. 57 of 1898 be decreed illegal and unconstitutional, null, and void; and that he be discharged from custody.

It will be seen that the proceedings against the relator have run their entire course, with the exception of sentence being pronounced against him. The court, after consideration, sees no reason why it should interfere as matters now stand. Relator will receive no legal injury by having sentence pronounced against him, as he can, through recourse to this court at the proper time and in the proper manner, obtain full and adequate relief, if entitled thereto; and there are good reasons why this court should not interpose its authority before sentence.

The court adheres to the view expressed by it on this subject in State ex rel. Crozier v. Judge, 49 La. Ann. 1451, 22 South. 421.

The application of relator for writs of certiorari and prohibition is refused, without prejudice to his right to apply for such writs after sentence.