per's risk, barring the negligence of the carrier.

The precise cause of the injury is immaterial, if it did not result from the negligence of the carrier. Our learned Brothers of the Court of Appeal did not consider the legal effect of the contractual waiver, which exempted the carrier from all damages not caused by the negligence of the company. This was error.

The contention that the waiver was void for want of consideration is without merit, as the contract recites and the evidence shows that the consideration was a reduced rate of freight and a free passage for the shipper.

It is therefore ordered that the judgments appealed from be reversed, and it is now ordered that plaintiffs' suit be dismissed and that they pay all costs here and below.

---

(47 South. 603.)

No. 17,137.

STATE v. EVANS et al.

(Nov. 16, 1908.)

1. JURY (§ 4*)—JURY TRIAL—NUMBER OF JURORS.

Under article 116 of the Constitution of 1898, as embezzlement, a felony necessarily punishable at hard labor under the statute, is triable by a jury of 12, it follows that a jury of 5, trying an accused for petit larceny, has no jurisdiction to convict him of embezzlement.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 3–7; Dec. Dig. § 4.*]

2. CRIMINAL LAW (§ 5*)—GRADING FELONIES—CONSTITUTIONAL LAW.

Act No. 107, p. 162, of 1902, is unconstitutional in so far as it attempts to grade felonies. State v. Dalcourt, 112 La. 420, 36 South. 479, reaffirmed.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 5.*]

(Syllabus by the Court.)

Appeal from Fifth Judicial District Court, Parish of Jackson; George Wear, Judge.

Harison Evans and Harison Wiley were indicted for larceny. Evans was convicted of embezzlement, and Wiley was found not guilty. Motion in arrest sustained, and the State appeals. Affirmed.

Walter Guion, Atty. Gen., and Orin Medicus Grisham, Dist. Atty. (Ruffin Golson Pleasant, of counsel), for the State. Price, Roberts, Warren & Price, for appellee.

LAND, J. The defendants were charged with the crime of larceny of $50, and were tried before a jury of 5, which found Harison Evans guilty of embezzlement and Harison Wiley not guilty. A motion in arrest, filed by Harison Evans, was sustained, and the state has appealed.

The gist of the motion in arrest is that embezzlement, being a felony necessarily punishable at hard labor, is triable by a jury of 12, and not by a jury of 5, under article 116 of the Constitution of 1898.

The state contends that, where larceny is charged in a bill of information a verdict of guilty of embezzlement may be returned, and that by virtue of section 7, Act No. 107, p. 162, Acts 1902, the embezzlement of property of a less value than $20 is made a misdemeanor.

This court, in State v. Dalcourt, 112 La. 420, 36 South. 479, held that the law cited was unconstitutional in so far as it attempted to grade felonies.

It follows that the jury of five was without jurisdiction in the premises, and that the sentence was properly arrested.

The judgment sustaining the motion in arrest is therefore affirmed.