NIGHOLLS, J.
Relator’s application is based upon the grounds: (1) That on the 19th day of October, 1909, an affidavit was filed against him in the First city criminal court for the parish of Orleans, charging him with embezzlement of $19.10, and numbered 22,600 on the docket of the said court. That the case was tried on the 2d day of December, 1909, before John B. Fisher, judge thereof, and was taken under advisement, and on the Sth day of March, 1910, he was found guilty as charged by the said judge.
Immediately after the court had rendered its opinion finding the relator guilty, and after sentence was passed, he, through his counsel, moved for an appeal to the criminal district court for the parish of Orleans, and which was granted, and the accused was admitted to bail. Article 140 of Constitution of 1S98 in re appeal, etc.
The sentence thus imposed upon him was based on section 7 of Act No. 107 o'f 1902, wherein the offense of embezzlement is graded thereby, giving the said First city criminal court for the parish of Orleans jurisdiction ra-tione materias, which in so far as the amount of punishment is concerned is not greater than six months for embezzlement under $20:
He further shows that this court has judicially determined that Act No. 107 of 1902 is unconstitutional in so far as it attempts to grade felonies. State v. Evans et al., 122 La. 273, 47 South. 603; State v. Dalcourt, 112 La. 420, 36 South. 479. But relator relies for this writ and the setting aside of the court’s sentence on the fact that the crime of breach of trust and embezzlement, as herein alleged in the said affidavit as made before the First-city criminal court for the parish of Orleans, and upon which offense he was convicted and sentenced under the said affidavit, by the said judge of the First city criminal court, and from which judgment and sentence he had appealed to the criminal district court, is, in accordance with section 905 of the Revised Statutes, as amended by Act No. 31 of 1888, p. 23, as felony, made punishable at hard labor not exceeding seven years, and is therefore, in accordance with article 116 of the Constitution of 1898, triable by a jury of 12, 9 of whom concurring may render a verdict.
That the article 140 of the Constitution of 1898, creating the First city criminal court for the parish of Orleans, only confers jurisdiction ratione materias, wherein the offense against the state and where the penalty did not exceed six months’ imprisonment in the parish jail or a fine of $300 or both. In all other cases the judge of the said court was only to act as committing magistrates with authority to bail or discharge, and as this court has judicially determined that embezzlement is a felony, and as section 905 of the Revised Statutes, as amended by Act No. 31 *403 of 1888, has never been repealed, and as the •statutes relative to embezzlement does not state what amount is necessary to be embezzled, but fixes the maximum penalty not to exceed seven years at hard labor and the minimum not less than one year, it necessarily follows that the amount herein alleged to have been embezzled, $19.10, being a felony, therefore the First city criminal court for the parish of Orleans was without jurisdiction ratione materiee to pass judgment and sentence, but only rely on section 7 of Act 107 of 1902, relative to grading misdemeanors and other offenses, to pass judgment and sentence on relator, which said Act 107 of 1902 this court has judicially determined was unconstitutional in so far as it attempts to grade felonies (see State v. Evans et als., 122 La. 273, 47 South. 603; State v. Dalcourt, 112 La. 420, 36 South. 479), and that the said sentence imposed upon him by the said court was contrary to law and is without effect. ,
That the Legislature of 1902, when they enacted,Act 107 of 1902, in accordance with the direction to the General Assembly as contained in article 155 of the Constitution of 1898, and attempted to grade the crime of embezzlement, exceeded its authority, and in enacting section 7 of said Act 107 of 1902 the said section is unconstitutional and ultra vires, because their direction was, and as the title to the said act reads, as follows:
“An act to grade misdemeanors and minor ■offenses against the state and to fix the minimum and maximum penalties therefore, in accordance with the direction to the General Assembly contained in article 155 of the Constitution.”
That he presented this fact to the court before sentence was pronounced against him, and also upon his appeal in the criminal district court, but all without avail or effect. Relator shows that he has no redress by appeal for considering the sentence imposed, to wit, 30 days’ imprisonment in the parish prison. This court has no appellate jurisdiction of the case, and relator’s only remedy or redress is through writs of prohibition and certiorari.
That his case in this respect comes within the rule laid down in State v. Abrams, 119 La. 981-983, 44 South. 807, wherein this court held practically at least that the remedy in such cases was through writs of certiorari after sentence has been passed, and as he has also appealed to the criminal district court, according to his rights under articles 140 and .139 of the 'Constitution of 1898, there is no other way that relator can obtain, justice than by this remedial writ, being without the right of appeal. He represents that, if he is made to serve the sentence imposed on him, he will have been done a grave injustice and likewise a great injury. He shows that due notice of this application has been given as the law directs.
The premises considered, relator prayed that writs of certiorari and prohibition issue herein according to law, directed to the honorable judge aforesaid, forbidding the execution of said sentence.
He prayed that a day and hour be fixed by your honorable court for the said judge to show cause why the writs applied for should not be made perpetual, that it be required to send up the record in the case aforesaid, to wit, No. 22,600 on the original docket of the First city criminal court for the parish of Orleans, and now known as record “No. 37,-S62” of the docket of the criminal district court for the parish of Orleans, to the end that the validity of the proceedings herein may be inquired into and passed upon by your honorable court, and that, on the hearing had, the sentence aforesaid be annulled and set aside as being without sanction of law, that the writs applied for be made perpetual, for all orders and decrees necessary, and for general relief.
The judge of the criminal district court, having been ordered to show cause why the *405 writs prayed for should not be granted, has answered as follows:
“Act No. 107 of the Session of the Legislature ■of 1902, known as an act to grade misdemeanors and minor offenses, does not, as charged by relator in said suit, grade any felonies. By section 7 of said act the embezzlement of property of less value than $20 is grad'ed into two ■classes:
“First the embezzlement of all property of less value than $20 and of a value exceeding ■$5 is made punishable by imprisonment in the parish prison for not more than six months and not less than one month, and the embezzlement of all sums of money of less than $5 is made punishable by imprisonment for not more than ■60 days nor less than 10 days in the parish prison. The embezzlements thus graded are not felonies, as they are made punishable by imprisonment in the parish prison only, and not in the penitentiary, and the embezzlement cannot by virtue of said section 7 be punished by a term of imprisonment exceeding six months in the parish prison. Under said act the juris•diction of the offense charged against the defendant was vested in the First city criminal court, which, assuming the jurisdiction, tried the defendant and found him guilty as above stated.
“The Constitution of the state directed that .all misdemeanors and minor offenses should lie graded, and, in obedience to said mandate, the said act 107 of the Session of the Legislature -of 1902 was adopted. While previous to the passage of said act embezzlement was known •as a felony in the state of Louisiana, your respondent respectfully submits that it was within the province of the Legislature to reduce a felony to a misdemeanor, and, after the said felony had 'thus been reduced, to grade the crime; thus reduced it is a misdemeanor as directed by Constitutional provision.
“In support of your respondent’s answer, respondent begs leave to refer, this court to a case involving the same principle decided by it at page 428 of 114 La., page 407 of 38 South., entitled State v. Eubanks. Respondent begs leave therefore to be permitted to file this, his .answer to the writs herein issued. He submits the matter for adjudication.”
The case of State v. Dalcourt, 112 La. 420, 36 South. 479, came before this court on appeal from the district court for the parish of St. Martin, a court of general criminal jurisdiction. There was no question raised on the appeal as to the jurisdiction of that court, nor was there any complaint as to the mode of trial. Appellants had made a motion in arrest of judgment in -the district court urging that he had been illegally prosecuted, convicted, and sentenced under Act No. 107 of 1902, as that statute was unconstitutional, and being so, there was no basis for prosecution, judgment, or sentence. The defendant, charged with having stolen two hogs and convicted, was sentenced to four months’ hard labor in the penitentiary. This court held that the accused had not been prosecuted under any particular statute; that at the time of the commission of the offense and of the prosecution there was a statute antecedent to that of 1902 (Acts 1874, No. 124, § 8) under which the defendant could be tried, found guilty, and sentenced, should the last-named act be held unconstitutional. The judgment appealed from was, however, reversed, and the case remanded, but by reason of an erroneous ruling by the trial court, upon a matter of evidence. The court nevertheless expressed its opinion as to the constitutionality of the act of 1902, declaring that section 3 of the act, to the extent that assumed to grade the offense of larceny when the article or thing stolen was of the value of $20 (as was the case), could not stand the test of constitutionality. That the statute had made the offense a felony by declaring that the theft of an article of that value should be punished by imprisonment in the parish prison or in the penitentiary for a term not exceeding two years.
State v. Evans, 122 La. 273, 47 South. 603, like that of Dalcourt, was decided by this court on an appeal to it from the judgment and sentence of a district court against defendant charged, together with one Wiley, with the “larceny” of $50. Wiley was acquitted, and Evans found guilty of an “embezzlement.” A motion in arrest made by Evans was sustained, and the state appealed. The gist of the motion in arrest was that embezzlement, being a felony necessarily punishable at hard labor, was triable by a jury of 12, and not by a jury of B under article 116 of the Constitution.
*407 The state contended that, where “larceny” was charged in a bill of information, a verdict of embezzlement might be returned, and that by virtue of section 7 of Act No. 107 of 1902 the embezzlement of property of less value than $20 was made a misdemeanor. The Supreme Court declared that it had held in the Dalcourt Case that the law cited was unconstitutional in so far as it attempted to grade felonies; that it followed that the jury of five was without jurisdiction in the premises; and that the sentence was properly arrested. It therefore affirmed the trial judge in sustaining the motion in arrest.
The respondent judge calls our attention to State v. Eubanks, 114 La. 428, 38 South. 407. That case came before us on appeal from the district court for the parish of East Baton Rouge. Appellant stood charged in that court on an information with the larceny of seven sacks of cotton seed of the value of $15. He was tried before the district judge without the intervention of a jury. He was found guilty by the court, and sentenced to an imprisonment of six months in the parish prison. I-Ie moved in arrest of judgment on the ground that he had been denied the constitutional right of trial by jury, and that Act No. 107 of 1902 was unconstitutional in so far as it purported to grade “larceny” as a misdemeanor. The motion in arrest was overruled. Eubank’s Case.
On the appeal the contention of the appellant was that petty larceny was a “felony,” and not therefore within the purview of article 155 of the Constitution, nor of the title of Act No. 107 of 1902, which was “an act to grade misdemeanors and minor offenses against the state and to fix the minimum and maximum penalties therefor.”
The Supreme Court dismissed the appeal taken by defendant for want of jurisdiction in itself. In its opinion the court referred to State v. Dalcourt, 112 La. 420, 36 South. 479, saying: That in that case defendant’s conviction was within the purview of both Act No. 107 of 1902 and Act No. 124 of 1874. That the decision in that case did not affect that part of section 5 of the act of 1902 which made the larceny of property of value less than $20 punishable by imprisonment in jail, as in case of misdemeanor. That the court had held in that case that under article 155 of the Constitution of 1898 it was not competent for the Legislature in grading misdemeanors and minor offenses and fixing penalties therefor to make an offense a felony punishable at hard labor in the penitentiary. That it had not held, nor did it intend to hold, that it was not competent for the Legislature to grade petty larceny as a minor offense and make it punishable by imprisonment in the parish prison.
That the Constitution of 1898, through article 155, authorizing the Legislature to grade all the misdemeanors and minor offenses against the state and to fix the maximum and minimum penalties therefor, unquestionably delegated to the Legislature the right to alter and change the penalties prescribed by existing laws. That, in so far as the case then before the court was concerned, Act No. 107 of 1902 was constitutional.
The present case is before us, not on appeal, but under our supervisory jurisdiction. There is no question as to our authority to deal with it. At the time of the passage of Act No. 107 of 1902, the crime of “embezzlement was a crime punishable by an imprisonment at hard labor nbt exceeding seven years,” regardless of the value of the thing embezzled. This punishment resulted from the passage of Act No. 31 of 1888, which amended section 905 of the Revised Statutes. Up to that time, the punishment had been “an imprisonment at hard labor not exceeding seven years nor less than one year.”
Act No. 107 of 1902 was entitled:
“An act to grade misdemeanors and minor offenses against the state and to fix the mini *409 mum and maximum penalties therefor in accordance with the direction to the Géneral Assembly contained in article 155 of the Constitution.”
By the seventh section of that act it was enacted that the embezzlement of property of a less value than $20 shall be graded as follows:
“Any person who shall, by virtue of his office, trust or employment have had intrusted to his care, keeping or possession the money or other property of another, who shall wrongfully use, dispose of, conceal, or otherwise embezzle such property so to him intrusted, shall, if such property be of less value than five dollars be imprisoned for not more than sixty days, nor less than ten days, if the value of said property be less than twenty dollars, but five dollars or more, such person shall be punished by imprisonment for not more than six months nor less than one month; " provided that this section shall not apply to any curator, testamentary executor, administrator, tutor, or to any person collecting, safe-keeping, disbursing money or funds under the order of any court of this state, or to any officer of this state or of any political subdivision thereof or to any person authorized to collect, disburse, or safely keep any portion of public money, or to the president, cashier, other officer or servant of any bank, or banking institution, but all such persons shall be punished in the manner pointed out by existing laws.”
In the brief filed on behalf of the state it is urged that “the contention of defendant that section 7 of Act No. 107 of 1002 is unconstitutional, because the mandate of the General Assembly contained in article 155 of the Constitution of 1908 was only to grade misdemeanors and minor offenses against the state, and that inasmuch as embezzlement is a felony that is punishable at hard labor for a term not exceeding seven years, the Legislature necessarily has no right to grade it” is not sound because Act No. 107 of 1902, section 7, known as “the act to grade misdemeanors and minor offenses,” does not (as charged by defendant) grade any felonies.
Section 7 of said act does make the embezzlement of property less than the value of $20 and of a value exceeding $5 punishable by imprisonment for not more than 60 days nor less than 10 days in the parish prison. Of course, under section 90S of the Revised Statutes as amended by Act 31 of 1888, embezzlement is a felony. If the grading offense act of 1902 graded embezzlement and made the punishment in the penitentiary, it would have been incompetent for the Legislature to have made-such a case triable before a judge without a jury of 12. But Act 107 of 1902, § 7, does nothing of the kind. It makes embezzlement of property of less value than $20 punishable by imprisonment in the parish prison. The jurisdiction of the offense charged against the defendant was properly vested in the First city criminal court. The contention of the state is that the Legislature had the right to carve a “misdemeanor” or “minor offense” out of a felony and to make it punishable in the parish prison, and it is supported in that contention by the decision of the Supreme Court in State v. Eubanks, 114 La. 428, 38 South. 407. The case of State v. Evans, 122 La. 273, 47 South. 603, is not at all in point, as the question raised in it related entirely to the number of jurors necessary to try an embezzlement of a sum of money exceeding $50. The Evans Case was not a prosecution under section 7 of Act 107 of 1902, but under section 915 of the Revised Statutes. The Dalcourt Case is likewise inapplicable to the ease at hand. That case is cited in the Eubank Case, which latter case is now the law upon the subject.
Reference to the Dalcourt and Evans Cases show that the offense with which the defendants were charged in both of them was “larceny,” which, at the time of the passage of Act No. 107 of 1902, had already been divided into “petty larceny” and “grand larceny” by the act of 1874; the larceny of any property of the value of $100 constituting grand larceny, while larceny of property of less value than $100 constitutes petty larceny. Grand larceny was made punishable by the statute with imprisonment in any parish prison or at hard labor in the penitentiary, at the discretion of the court, for not more than 10 years.
Petty larceny was made punishable with *411 imprisonment in any parish prison or in tlie penitentiary, at the discretion of the court, for not more than two years.
By Act No. 107 of 1902 larceny of less value than $100 was graded as follows: Larceny of property of less value than $5 was punishable by imprisonment of not more than 60 days nor less than 10 days. Larceny of the property of value of $5 or more but less than $20 was punishable by imprisonment not more than six months nor less than one month. Larceny of property of the value of $20 or more but less than $100 was punishable by imprisonment with or without hard labor not exceeding two years and not less than three months.
Embezzlement, as we have seen, was punishable at the time of the passage of Act 107 of 1902 with imprisonment at hard labor for a term of seven years, regardless of the value of the thing embezzled, with no discretion as to the penalty left to the judge. By the said Act No. 107 embezzlement of property of less value than $20 was made punishable as follows:
Embezzlement of property of less value than $5 by imprisonment for not more than 60 days nor less than 10 days.
Embezzlement of property less than $20 but $5 or more by imprisonment for not more than six months nor less than one month.
Leaving embezzlement of property of $20 or more punishable as before. Under this statute (if valid) the embezzlement of property up to the value of $20 became a misdemeanor.
The Legislature has authority outside of article 155 of the Constitution of 1898 by means of an independent and special act to carve out a crime which by an existing statute was denounced as a felony, lesser crimes to fall under the class of misdemeanors.
It had the right, by reason of the particular circumstances under certain acts committed, to take such acts so committed out of the class of felonies into which they would have otherwise fallen by existing statutes, and constitute them misdemeanors; but the question is: Could it do so otherwise than by a statute which as to its title could withstand the charge of unconstitutionality.
Could the General Assembly, by special act bearing the title of Act No. 107 of 1902, reduce a crime denounced by existing statutes as felony to a misdemeanor, and by so doing-vest in the First city criminal court jurisdiction to try such misdemeanors without a jury.
The jurisdiction of that court is confined! to cases against the state where the penalty does not exceed six months’ imprisonment in the parish jail or a fine of $300, or both.
The jurisdiction of the court which convicted defendant was dependent upon the constitutionality of the act of 1902, which, under-the title which that act bore, undertook to. reduce a statute existing at that time not as a “minor offense,” but absolutely as a felony, into a “misdemeanor.” In undertaking to accomplish this'in manner and form it did, we-are of -the opinion that the General Assembly acted beyond its authority.
For the reason herein assigned, it is hereby ordered, adjudged, and decreed that the judgment of the criminal district court for the-parish of Orleans herein brought up for review is hereby set aside and annulled, avoided, and reversed. It is further ordered, adjudged, and decreed that the judgment and sentence of the First city criminal court for-the parish of Orleans, which was affirmed by said criminal district court for the parish-of Orleans, be, and the same is, set aside and annulled, avoided, and reversed, and the-prosecution in that case dismissed.