DAWKINS, J.
Accused, Earnest Jeansonne, was charged in a bill of information filed by the district attorney with the larceny of hogs of the value of $65. His counsel moved to quash the bill on the ground that, inasmuch as, according to the admission of the district attorney, accused was charged under Act 107 of 1902, and the Legislature, at its regular session of 1918, had passed *753 Act No. 45, making hog stealing a specific offense, regardless of value, and providing a severer penalty, which latter act repealed all prior laws in conflict therewith, he, accused, had been given a legislative pardon, and the charge should be dismissed.
This motion was sustained, and the state has appealed.
Opinion.
We do not know upon what theory the lower court sustained the motion, but gather from defendant’s brief that since the district attorney admitted accused was being tried under Act 107 of 1902, and section 5 of that Act, dealing with the crime of larceny, had been held unconstitutional in so far as it attempts to grade felonies or the larceny of property of more than $20 in value (State v. Dalcourt, 112 La. 420, 36 South. 479), the saving clause of the said Act 45 of 1918 could not preserve the state’s rights under a law which had been held void.
We do not think an admission by the district attorney that accused was being prosecuted under a statute which had no application to the case, because of the unconstitutionality of the clause referred to, could remove the charge from the operation of the law which was really applicable. The bill does not mention any particular statute, but merely charges the accused with larceny of property of the value of $65. The charge therefore falls under section 812 of Revised Statutes, or Act No. 124 of 1874, p. 220, and leaves for our determination the question of whether or not Act 45 of 1918 did repeal the existing law on the subject, so as to work a legislative pardon in the present case.
Act No. 45, 1918, reads:
“Section 1. Be it enacted by the General Assembly of the state of Louisiana, that whoever shall steal a hog, sow, boar, shoat, pig, or any other specie of hogs, sheep, lamb, goat, or kid or any other specie of sheep or goats shall be guilty of a felony and upon conviction shall suffer imprisonment with or without hard labor for not less than six months, nor more than two years.
“Sec. 2. Be it further enacted, etc., that all laws in conflict herewith are hereby repealed.
“Sec. 3. Be it further enacted, etc., that this act shall not affect any case or cases now pending.”
The bill of information was filed March 21, 1918, and the above act was approved on June 27, 1918.
There is no question but that as to all future cases, hog stealing, regardless of value, is made a specific offense, punishable as provided in the Act just quoted; but, with respect to charges pending at the time of its passage, the same are not affected by said law, and accused may be prosecuted and sentenced under Act No. 124 of 1874. State v. Dalcourt, 112 La. 420, 36 South. 479. The act of 1918 plainly provides that it shall not affect cases pending at the time of its passage.
For the reasons assigned, the judgment appealed from is annulled and reversed, and this case is hereby remanded, to be proceeded with according to law and the views herein expressed.