No. 6876.

THE STATE vs. R. W. SNOW.

An information for uttering a forged bill is prescribed by the lapse of one year from the time the offense was brought to the knowledge of the officer charged with the prosecution.

Forging a document, and uttering that document are two separate, and distinct offenses, and hence the charge of one, in an information, will not include a charge of the other.

When the plea of prescription appears good, on the face of the information, the burden of proof is on the State to show that the plea is not well founded.

The allowance of an amendment to an information, changing the date of the bill charged to have been forged and uttered, allowed during the trial, and after certain admissions of the accused, will not warrant the rejection of the admissions, nor an arrest of judgment, when it appears that no injury to the accused resulted from the amendment.

The question of the sufficiency, or the insufficiency of the evidence to convict, is one of which this court has no jurisdiction.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *Parsons, J.*

*H. N. Ogden*, Attorney General, for the State.

*Robert Ray* for defendant.

The opinion of the court was delivered by

EGAN, J.   On the sixth of December, 1877, the District Attorney filed in the District Court of Ouachita an information against the defendant, charging that on the twenty-first of November, 1868, he did falsely and fraudulently forge and counterfeit a certain draft, order, or bill of exchange; and in a second count, that on the same date, November 21, 1868, said defendant did feloniously, etc., offer, utter, dispose of, and put off as true and genuine said forged document or writing, knowing the same to be forged and counterfeit, etc.   On the eighth of December, 1877, the accused was arrested, arraigned, and pleaded not guilty.   The District Attorney thereupon made an affidavit for continuance to obtain the testimony of one Morris, by whom he swears that he expected to prove " that the check alleged to have been forged and counterfeited was not drawn by D. T. Head nor executed for his benefit, as it purports on its face, and he is informed that he can also prove by this witness that the indorsement " W. T. Morris " upon the back thereof is not his genuine signature and indorsement, but a forgery."   To avoid a continuance and obtain an immediate trial, the accused agreed to admit that the witness if present would swear to the facts stated in the affidavit.   The trial was then begun, and during its progress the District Attorney, with leave of the court, amended the information " by averring that the offenses charged in the original information to have been committed on the twenty-first of November, 1868, were in reality committed on the twenty-first of November, 1867."   To this amendment the counsel for the accused

excepted on the ground "that the amendment sought to be made was a matter of substance, and could not be made on the trial." After the amendment the District Attorney offered and was permitted to introduce the before-mentioned admission of the defendant which had been made before the trial began or the amendment made, and in view of the prosecution as then shaped and the issues then made. To the introduction of which the counsel for the accused excepted on the ground "that he had the constitutional right to be confronted with the witnesses and that the admissions were made when the information was improper and had not been amended." The trial proceeded and resulted in a general verdict of guilty as charged, which covered both counts.

A motion for new trial was filed and overruled, and a motion in arrest of judgment made.

First—Because the second count in the information was prescribed by the lapse of more than one year from the time it was brought to the knowledge of the officer charged with the prosecution.

Second—That under the charge of the court the jury should have brought in a verdict upon each count of the information.

In support of the plea of prescription the defendant's counsel filed in evidence a copy of a bill of indictment against the same defendant for the same forgery (as admitted by the District Attorney), filed March 16, 1869. This bill however contained no count or charge of uttering. The plea of prescription should have been maintained as to the charge of "uttering" contained in the second count of the information. The offense charged is distinct from that of forgery, of which it is not even a necessary element. It is punishable differently, and is prescriptible by twelve months, as forgery is not. R. S. 1870, section 986. There is nothing in the information or evidence to take it out of prescription, and the plea was good on the face of the information. State vs. Walters, 16 An. 400; State vs. Freeman, 17 An. 69; 23 An. 433. The burden is upon the State to rebut the plea. It has not done so, and it must prevail. In indictments for forgery at common law it was necessary to set forth the exact tenor of the forged instrument, and any, even a very slight variance, was fatal. This rule which was likewise applicable to misdemeanors also, was relaxed as to them by act of parliament. 9 Geo. IV C.; 15, 12, and 13 Victoria C., 45. Subsequently this relaxation was extended by statute, 14 and 15 Victoria C., 100, from which our own statute regulating the mode of procedure in criminal cases is borrowed almost in exact terms. The adjudications under these acts of parliament, and under similar statutes of other States, are therefore not without weight in interpreting our own law, and so it has been considered by our courts. See 20 An. 145 and 408; 29 An. 601, and cases there cited. By section 1049 R. S., 1870, it is provided that in any indictment for

forging, uttering, etc., any instrument, it shall be sufficient to describe
such instrument by any name or designation by which the same may be
usually known *or by the purport thereof,* by which is meant the "sub--
stance of the instrument as it appears on its face to every eye that reads·
it." Archbold's Criminal Practice and Pleadings, vol. 1, 7th ed., p. 297,,
(N. 1); same vol. 2nd p. 804. It was then not necessary to set forth
in the information the exact tenor or language of the instrument·
charged to have been forged and falsely uttered. While, however, it
is not necessary to set forth the exact tenor and date of the instrument,
if such description is used, even though unnecessarily, it must be proved
as laid. 1 Archbold, p. 297, citing 1 McLean, 441 U. S. vs. Keene; same,,
p. 389 (N. 1), to the effect that "in all cases where bills of exchange,.
promissory notes, or other written instruments, not under seal, are
pleaded the date *if stated,* must correspond with the date of the instru-
ment when produced in evidence on the trial." See, also, Wharton's·
American Criminal Law, 4th ed., sections 599, 306, and 307. The date of
the uttering of the forged instrument is material but only in view of the
statute of limitations. See same author, section 275; Waterman's U. S.
Criminal Dig., p. 333, section 108; same, 334, section 120; and such is the·
rule of our own law. See, again, 16 An. 400; 17 An. 69, and 23 An. 433..
Where, however, the instrument or writing is set forth in full in the bill
or information *in totidem verbis* any lack of definiteness in its desig-
nation or description otherwise was cured even at common law; and
an incorrect designation might be rejected as surplusage. Wharton's
American Criminal Law, 7th ed., sec. 1467, and n. p. and authorities
cited. See, also, State vs. Crawford, 13 La. An. Reports, p. 300, citing
Regina vs. Williams; 2d Eng. Law and Equity Reports, p. 533. The·
statute of fourteenth of March, 1855, which in this respect is in terms
re-enacted in section 1063 of the Revised Statutes of 1870, provides that
"no indictment for any offense shall be held insufficient for omitting to
state the time at which the offense was committed in any case where
time is not of the essence of the offense, nor for stating the time imper-
fectly, nor for stating the offense to have been committed on a day sub-
sequent to the finding of the indictment, or an impossible day, or on a
day that never happened." See, also, 10 An. 168.

The information in the present case sets out at length the exact
tenor and date of the forged instrument in accordance with that stated
in the amendment, which was for that reason and under the statute just
quoted unnecessary, and may be treated as surplusage, so far at least
as relates to the charge laid in the first count, which is imprescriptible,
while the amendment did not cure the defect as to the charge laid in the
second count, which was prescriptible and prescribed on the face both of
the original and amended information. Its allowance therefore worked

no injury to the accused. As to the alleged insufficiency of the evidence to convict, we could not consider that, even were the evidence before us, as it is not. 2 An. 921; 3 An. 497; Const. art. 74.

The admission of the accused, though made prior to the amendment, which was not only unnecessary but immaterial, was therefore properly received in evidence. The general verdict did not vitiate the finding on the good count of the information.

It is therefore ordered, adjudged, and decreed that the defendant's plea of prescription be sustained, and the judgment arrested as to the second count for the uttering of the forged instrument, and that he be discharged from further answering thereto, and that the verdict and sentence on the first count for the forgery charged therein be and they are affirmed.