(58 South. 855.)

No. 19,446.

STATE v. COLLINS.

In re COLLINS.

(June 4, 1912.)

*(Syllabus by the Court.)*

**1. CRIMINAL LAW (§ 1071*)—CERTIORARI—PETITION—CONTENTS.**

A person sentenced, under R. S. § 833, to imprisonment at hard labor for 14 years, who, having served 3 years of the term, applied to this court to be released, on the ground that, being charged with uttering, tendering, and publishing a forged order for money, knowing, etc., and with intent, etc., he had pleaded guilty to the charge of "uttering," whereas no such offense is known to the law, should attach to his petition a certified copy of the minutes of the court, or of his plea, if in writing, showing specifically upon what plea he was sentenced, since matter not constituting an offense could have been disregarded as surplusage, and the sentence authorized by the statute imposed for "publishing."

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2702; Dec. Dig. § 1071.*]

**2. CRIMINAL LAW (§ 999*) — MITTIMUS — DEFECTS—RELEASE.**

The failure of a mittimus properly to recite the offense for which a person held in custody was sentenced does not entitle such person to be released.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2550–2553; Dec. Dig. § 999.*]

John L. Collins was convicted of forgery, and applies for writs of certiorari and prohibition. Denied.

John L. Collins, in pro. per. St. Clair Adams, Dist. Atty., for the State.

### Statement of the Case.

MONROE, J. The applicant, in propria persona, alleges that he pleaded guilty to the charge of "uttering as true," and was sentenced to imprisonment at hard labor for 14 years.

"That he * * * was not sentenced for the offense to which he had entered a plea, which is shown when the statutes are examined; * * * for it will be seen that the statute, which makes it an offense to utter as true, knowing that the uttered instrument is false,

is section 835, R. S., and that the penalty * * * should be that of a sentence 'not exceeding three years' and a fine of $2,000. Petitioner sets up that the imposition of any other sentence * * * is illegal, and that the sentence imposed * * * and * * * the order of commitment, issued to carry into effect said sentence, * * * should be declared a nullity, * * * and * * * the holding of your petitioner under the said order of commitment * * * be set aside * * * and * * * petitioner * * * discharged at once. Petitioner further sets up * * * that the bill of information under which conviction was obtained * * * was not a legal bill, * * * and that a conviction under the said bill * * * does, contrary to the laws, * * * contain, in one count, the provisions of two statutes, i. e., sections 833 and 835, R. S. The said bill * * * does, in the second count, set forth * * * that the defendant did utter, publish, and tender in payment as true. * * * In the case of State v. Anderson [30 La. Ann. 557], * * * the Supreme Court of * * * Louisiana did set forth very plainly that the two acts, uttering and publishing, were two separate offenses, and that they were set up as such in separate statutes, and were punishable differently, * * * holding, also, that there was no such crime known to the state of Louisiana as 'uttering *and* publishing as true'; that uttering is a separate offense, and set up as such in section 833, also, in the case of State v. Snow [30 La. Ann. 401], the court held that uttering and publishing were separate and distinct offenses, and that they were punishable differently. * * * So that, as shown: First, that there was embodied in one count the provisions of two statutes, and the bill of information is defective. * * * Second, * * * that, it being shown that the court of original jurisdiction did err in imposing the term of 14 years for an offense which the statutes of the state have decreed should be punished at not exceeding 3 years, the sentence of the court is a nullity, and petitioner is entitled to relief under the supervisory jurisdiction of the Supreme Court of Louisiana. Petitioner has now served the term to which he had entered the plea of guilty, as defined under section 835, R. S. 1870, and any longer term * * * is contrary to the spirit of the laws."

He prays that the board of control of the penitentiary be prohibited from further detaining him, and be ordered to set him at liberty. Annexed to the petition is what purports to be a copy of the commitment, reading, in part, as follows:

"To the criminal sheriff: * * * Whereas John L. Collins, alias Edward S. Carews, alias C. B. Rowland, alias Ernest Carlsen, etc., was, by due process of law, lately convicted before

our criminal district court for the parish of Orleans of uttering as true, etc., and was thereupon sentenced * * * to imprisonment in the state penitentiary for 14 years, and to pay the costs of the prosecution: * * * Now, therefore, you * * * are hereby commanded," etc.

The district attorney for the parish of Orleans has, of his own motion, taken notice of the application so made, and has filed a brief in opposition to the granting of the same, in which he shows that:

"Relator was charged, on the 17th of December, 1909, on an information, (1) with the forging a certain order for the payment of money,"

—purporting to be drawn upon a bank in California, by the cashier, made payable to the order of a named individual, and by him indorsed (and which is set forth according to its tenor).

"In the second count, that he did * * * utter, tender, and publish as true the said false, altered, forged, and counterfeited check and order for the payment of money. * * * On the 20th day of December, 1909, defendant was arraigned and pleaded guilty to the second count, and, on the 23d day of December, was sentenced, under section 833 of the Revised Statutes, to serve 14 years at hard labor. * * *"

### Opinion.

Section 835 of the Revised Statutes reads, in part:

"Whoever shall utter, or tender in payment, as true, any false, forged or counterfeited note, certificate, check or bill of any debt of the state, bank bill, check or promissory note, payable to bearer by any bank, knowing the same to be false, * * * with the intent to injure or defraud this state, any body politic, or corporate, or any person, shall, on conviction, be imprisoned, at hard labor, not exceeding three years and fined not exceeding $2,000. * * *"

It is evident, therefore, that relator was neither prosecuted nor sentenced under R. S. § 835.

Section 833 reads:

"Whoever shall forge, or counterfeit, or falsely make or alter * * * any public record, any certificate or attestation of any public officer, in any matter wherein his certificate or attestation is receivable and may be taken as legal proof, any charter, deed, will, testament, bond, letter of attorney, policy of insurance, or bill of exchange, or promissory note, order, acquittance or discharge for, or upon, the payment of money or delivery of goods, any acceptance of a bill of exchange, or any indorsement or assignment thereof, or promissory note for the payment of money, any receipt for money or goods, or for any note, bill or security for money or goods, *or shall alter* or publish as true any such false, *altered*, forged or counterfeited record certificate or attestation, charter, deed, will, testament, bond, letter of attorney, policy of insurance, bill of exchange, promissory note, acceptance, indorsement, assignment, order, acquittance, discharge or receipt, knowing the same to be false, altered, forged or counterfeited, with intent to injure or defraud any person, * * * on conviction, shall be punished by imprisonment at hard labor, for not less than two, nor more than fourteen, years."

It will be observed that the word "utter" is not used in the section thus quoted, which makes it an offense to "forge or * * * alter any * * * order, * * *" or to "alter or publish, as true, any such * * * order, * * *" etc.

In State v. Anderson, 30 La. Ann. 557, to which relator refers, it was held that the word "alter," as used in the statute (on the second occasion, and in connection with the word "publish"), could not be treated as a misprint for "utter." A distinction was drawn between "utter" and "utter and publish," and between "utter and publish" and "publish"; and it was further held that (quoting syllabus) "there is no such crime known to the law of Louisiana as uttering and publishing as true an altered, false, and counterfeited instrument." It is, however, well settled that, where a statute enumerates disjunctively several offenses, connected with the same transaction, constituting one act, they may be charged conjunctively in one count; that the count does not thereby become duplicitous; and that there may be a conviction for the whole, though but one sentence can be imposed (Marr's Cr. Jur. of La. p. 813; State v. Snow, 30 La. Ann. 401; State v. Flint, 33 La. Ann. 1290); and it seems to us, as pointed out by Judge Marr, in his

note to the case of State v. Anderson (same book, p. 183), publication necessarily includes utterance. Relator alleges that the information charged that he did "utter, publish, and tender in payment as true [N. B.—Wording may not be exact, but tenor is set forth]," but that he pleaded guilty only to the charge of "uttering," and, if that be true, he may be entitled to relief, since, as we have stated the word "utter" is not in the statute under which he was prosecuted. On the other hand, if, as the district attorney says, he pleaded guilty to the charge as contained in the second count (that he did utter, tender, and publish), then he is not entitled to relief; for the charge of publishing, which the statute denounces as an offense, included uttering; and the court, properly rejecting the charges of uttering and tendering as surplusage, may properly have imposed the full sentence for that offense.

An indictment, alleging that accused did "utter and publish" as true a forged instrument, states an offense under Rev. St. § 835, making it an offense to "alter or publish" as true a forged instrument, since the word "utter" is mere surplusage, and does not show that accused did not commit the offense of publishing; the words "utter" and "publish" conveying the meaning of disposing of the forged instrument, and having about the same meaning. State v. Barrett et al., 121 La. 1058, 46 South. 1016.

In State v. Tisdale, 39 La. Ann. 476, 2 South. 406, a charge that the accused "did feloniously procure to be falsely made a promissory note" (minutely describing the note), "and feloniously did publish as true, the said promissory note, * * * knowing the same to be false, with intent to defraud Yale & Bowling," was held to be sufficient; notice being taken, by italicizing the word "or," in quoting from the statute, that it was made an offense to "alter *or* publish as true," etc. In State v. Leo, 108 La. 504,

507, 32 South. 447, the particular point here presented not being raised, the court of itself appears to have substituted "utter" for "alter."

[1, 2] For the purposes of the case here presented, and in order to have entitled him to the review for which he prays relator should have attached to his petition a certified copy of the minutes of the court, or of his plea, showing upon what plea of guilty he was sentenced, since it appears unlikely that, upon a charge of uttering, tendering and publishing, a plea of guilty of "uttering" only should have been tendered and accepted. It may have been so, however; and, whilst this application will be dismissed, relator's right to renew it will be reserved. If he pleaded guilty to the charge of publishing, whether in connection with the other charge or not, the fact that the mittimus fails to recite that he was sentenced for that offense would not entitle him to be released.

It is therefore ordered, adjudged, and decreed that this application be denied, without prejudice to the right of the relator to renew the same upon the conditions stated in the foregoing opinion.