(59 South. 819.)

No. 19,504.

STATE v. COLLINS.

In re COLLINS.

(Aug. 6, 1912. Rehearing Denied Oct. 21, 1912.)

*(Syllabus by Editorial Staff.)*

FORGERY (§ 51*)—UTTERING AND PUBLISHING A FORGED INSTRUMENT—PUNISHMENT.

Where, on certiorari and prohibition to test the legality of a sentence to the penitentiary for 14 years on conviction of crime, the copies of the corrected minutes of the record of the trial court showed that defendant pleaded guilty to an information charging the uttering, tendering, and publishing as true of a forged check, the sentence was legal, within Rev. St. § 833.

[Ed. Note.—For other cases, see Forgery, Cent. Dig. § 131; Dec. Dig. § 51.*]

Application for writs of certiorari and prohibition by John L. Collins for his discharge from the state penitentiary under a sentence. Denied.

John L. Collins, in pro. per.

SOMMERVILLE, J. This application of John L. Collins, who is confined in the state penitentiary under sentence of the criminal district court of the parish of Orleans, is very irregular in form. The applicant asks for the issuance of a writ of certiorari, addressed to the criminal district court, which has been granted. He also asks that a writ of prohibition issue, directed to the board of control of the Louisiana State Penitentiary, prohibiting the said board of control from further enforcing the terms of the order of commitment issued against him, and that he be restored to liberty without delay, and for any and all further orders that may be necessary, and for general and equitable relief in the premises.

This is the second time that the applicant has appeared before the court asking for the same relief. In denying his first application we reserved to him the right to renew

131 LA.—13

it. State of Louisiana v. Collins, 130 La. 993, 58 South. 855.

The applicant alleges that he was found "guilty of uttering as true," etc., and that he has been sentenced to serve a term of 14 years in the state penitentiary. He then charges the illegality of the sentence, and shows that under section 835 of the Revised Statutes that the term of imprisonment for offenses under that statute cannot exceed 3 years in the penitentiary. In support of his claim he attaches to his petition copies of the minutes of the criminal district court, division B, of dates December 20 and December 23, 1909. These copies of the minutes show that he (Collins) was convicted of "uttering as true," and that he was sentenced for such offense. But, in sending up the record under our order issued to the criminal district court, the judge of division B of that court has included corrected minutes of the two dates referred to—December 20 and December 23, 1909. The correction of these minutes was made contradictorily with the said John L. Collins after he had been served with a copy of the motion of the district attorney, asking that these minutes be corrected to conform to the truth. He was ordered to show cause why they should not be thus corrected. The copies of the corrected minutes in the record show, first, the plea of the said defendant to be, "Guilty on second count, which reads as follows;" then follows the second count as contained in the information, which charges that defendant "did then and there feloniously utter, tender, and publish as true the said false, altered, forged, and counterfeited check and order for the payment of money," etc. The crime there charged conforms to section 833 of the Revised Statutes; and it provides that one found guilty thereunder "shall be punished by imprisonment at hard labor, for not less than two nor more than fourteen years."

The minutes of December 23, 1909, were also corrected contradictorily with defendant to read as follows:

"The defendant, John L. Collins, *alias* Edward S. Garen, *alias* E. B. Rowland, *alias* Ernest Carlson, *etc.*, in person, was placed at the bar of the court in custody of the sheriff for sentence, and was asked by the court whether he had anything to say in arrest of judgment, and had nothing to say. Thereupon the court, in consideration of his plea herein recorded and the law, sentenced him, the said John L. Collins, for his such crime of uttering, tendering, and publishing as true, to suffer imprisonment in the state penitentiary for a period of fourteen years at hard labor, and to pay the costs of prosecution."

The applicant, Collins, was not charged with "uttering as true," etc.; but in the second count of the bill of information he was charged with having uttered, tendered, and published as true a false, altered, forged, and counterfeited check and order for the payment of money, etc., under section 833, Revised Statutes. His plea of guilty under that count of the bill of information rendered him liable to the penalty provided in section 833. He was not charged with any offense under section 835, R. S.

The corrected minutes, copies of which are now on file in this court, show the proceedings to have been regular in all respects, and the judgment and sentence to be valid.

The application of relator, John L. Collins, is denied at his costs.