SUCCESSION OF WILLIAM L. SWAYZE, deceased—Opposition to homologation of account of Executrix.

The testator gave to his wife the "absolute control over the" increase of his estate, with power to dispose of it as she pleased until his (the testator's) son arrived at the age of majority. *Held:* That the word "increase" was sufficiently comprehensive to embrace the revenues and income of the property, and that the intention of the testator was to give to his wife the usufruct for the period mentioned. Art. 1745 C. C. which provides that in the event of a second marriage, the husband or wife having children by the first marriage, can only give to the spouse of the second marriage the least child's portion as a usufruct, and not to exceed a fifth part of the decease's estate, remains unrepealed.

APPEAL from the District Court of West Feliciana, *Ratliff*, J.
U. B. & E. *Phillips*, for the Executrix. *Brewer & Collins*, for opponents.
MERRICK, C. J. The appeal in this case is taken by all parties : the executrix and heirs.

The principal questions arise under the will of the deceased, who died in Louisville, in August, 1855. The dispositions of the will are as follows, viz:

"I, *Willlam L. Swayze*, of the State of Louisiana and parish of West Feliciana, but at present in the city of Louisville, in the State of Kentucky, do make this my last will and testament :

"1st. I appoint my wife, *Maria Jefferson Swayze*, sole executrix of my estate, and tutrix and guardian to my children, *William L., Julia Ann, Lottie* and *Charles L. Swayze.*

"2d. I wish my whole estate kept together undivided until my youngest child, *Charles*, arrives of age, to be managed and controlled in the mean time by my

wife, and then to be equally divided between my said children and *Stephen Court-land Swayze*, and *Jane Hoffman*, wife of *Charles Hoffman*, who are also my children, share and share alike.

"3d. I give to my wife absolute control over the increase of my estate, with power to dispose of it as she pleases, until my son *Charles* arrives of age.

"4th. Should there not be enough community to pay my debts, I empower my executrix to sell such portions of my estate as she may deem proper, to pay all my debts.

"5th. I appoint *Charles Hoffman* under-tutor to my minor children.

"In testimony whereof, I have hereunto signed my name and affixed my seal," &c.

The will was admitted to probate at Louisville, and afterwards in the parish of West Feliciana, where letters testamentary were granted to the widow. In the first account of her administration, she charged and was allowed $899 56 commissions as executrix.

The present controversy arises upon an opposition to her second account, which she was called upon to render at the instance of the heirs.

The judgment appealed from allowed *Mrs. Swayze*, upon giving security, one-third of the estate of *W. L. Swayze*, deceased, in usufruct, until the 15th of July, 1865, that being the time when *Charles Swayze* would obtain the age of majority.

The counsel for the executrix contends, that the forced heirs having alleged that the bequest to her exceeded the disposable portion they are bound under the provisions of Article 1486 of the Civil Code, either to execute the disposition, or to abandon to the donee the ownership of such portion of the estate as the donor had a right to dispose of.

On the other hand, the counsel for the opponent contends, that the disposition is not an usufruct, but must be regarded as a disposition for the purpose of managing and keeping together the property of the estate; that if an usufruct were intended, then it was remunerative in its character, and fails because the executrix cannot manage the estate or act as tutrix to the children of a former marriage; and, moreover, the condition upon which the legacy was given, viz, the keeping together of the property in kind and undivided, has also failed by the acts of the executrix in provoking the sale of the property; and finally, that she has abandoned the legacy, by claiming her commissions.

We think with plaintiffs' counsel, that the executrix could not be appointed tutrix to the children of the former marriage, being legally incapacitated by Art. 322 of the Civil Code. Neither could the property be kept in a state of indivision longer than five years from the testator's death. C. C. 1223.

If the executrix has acquired anything, it is in virtue of the third clause of the will, by which testator gives to his wife "absolute control over the *increase* of his estate, with power to dispose of it as she pleases, until his son *Charles* arrives of age. This provision of the will is not very clear; but we think the word "increase" is sufficiently comprehensive to embrace the revenues and income of the property, and of this, he gives his wife the absolute control, with power to dispose of it as she pleases, until his son *Charles* arrives at the age of majority. We think the testator intended to bequeath something by the foregoing disposition. That something cannot, by the terms used, be less than the usufruct for the period mentioned; and we ought, if possible, to construe the will so as to give it some effect. It appears to be conceded by the counsel for the opponent, that if the bequest be an usufruct, it should be limited, as the District Judge has done, to an

usufruct of one-third of the estate. Since this case has been under advisement, we have decided that Art. 1745 C. C. is still unrepealed, and that in the event of a second marriage, the legacy from the husband to the second wife, cannot exceed the usufruct of the least child's portion and, in no case, can it be more than the usufruct of one-fifth of the estate. There being minors represented in this case, who cannot recover their rights except with the advice of a family meeting, we feel constrained to allow them the benefit of this interpretation which is within the allegation, although not expressly insisted upon to this extent, by their counsel in the argument.

The claiming of commissions by the executrix, which were subsequently relinquished, did not operate as a forfeiture of the legacy.

The court did not err in refusing to charge the executrix with the maintenance of her child by a previous marriage. The circumstances do not render it probable that any such charge was intended to be made by the deceased.

We do not think it is necessary to remand this case in order to call a family meeting to deliberate, whether it would be most to the interest of the heirs to abandon to the legatee the usufruct of one-seventh of the property, during the lifetime of the legatee, or to allow her the usufruct of the entire estate until the 15th of July of the year 1865. It is manifestly the interest of the heirs to make such abandonment of the usufruct of one-seventh of the estate.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be so amended, as to give to the said *Maria J. C. Swayze*, upon her giving security according to law, the absolute usufruct of one-seventh of the estate of said testator, as shown by statement A, made part of the decree of the lower court, viz, the usufruct of $1,720 13 3-7 for life, instead of the usufruct of $4,013 65, until the 15th day of July, 1865; and that the residue of said sum of $12,040 94, viz, $10,380 81, be equally divided among said heirs, and that the judgment of the lower court, so amended, be affirmed; said *Maria J. C. Swayze* paying the costs of the appeal.