State vs. Faulkner.

---

| 39 | 811 |
| 45 | 937 |

## No. 1181.

### The State of Louisiana vs. James Faulkner.

Where in a single transaction a party commits two distinct crimes, so related to each other that proof to sustain one need not involve the proof necessary to sustain the other, indictments will lie for both and conviction of one will not bar the other.

Thus when one, entrusted by A with cotton for a particular purpose, obtains money thereon from B, by falsely representing himself as owner and selling to him, he may be indicted as well for embezzling A's cotton, as for obtaining B's money under false pretenses; and conviction of latter offense will not sustain *autrefois convict* to the other.

APPEAL from the First District Court, Parish of Caddo. *Hicks*, J.

*M. S. Crain*, District Attorney, for the State, Appellee.

*George E. Head* and *E. H. Randolph* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J.  Two indictments were filed against defendant : one for embezzlement of eight bales of cotton entrusted to him by George ; the other for obtaining money from Martin by the false pretense that he was the owner of said eight bales of cotton.

To the last mentioned indictment he pleaded guilty and was sentenced.  He then entered, in the embezzlement case, his plea of *autrefois convict*, based on the sentence just stated.

The State demurred to the plea and the lower judge sustained the demurrer.  A bill of exceptions was reserved and this ruling is the sole error assigned on the appeal.

The ruling was correct.  In the language of Mr. Bishop, " each indictment sets out an offense differing in all its elements from that in the other, though both relate to the same transaction."  Bishop Cr. L. § 1057.

The general principle is, that a former trial is not a bar, unless the first indictment was such that the prisoner might have been convicted upon proof of the facts set forth in the second indictment.  Burns vs. People, 1 Parker, 182 ; Price vs. State, 19 Ohio, 423 ; Durham vs. People, 4 Scam. 172 ; Com. vs. Wade, 17 Pick, 395 ; Com. vs. Roby, 12 Pick. 496 ; Roberts vs. State, 14 Geo. 8.

The indictment in the instant case makes no allusion to the dealing with Martin, or to the false pretenses on which money was obtained from him ; nor, to maintain it, would it have been necessary, even in establishing the particular transaction, to prove any false representations.  Proof of the mere sale to Martin would have sufficed to sustain the embezzlement, even though Martin had been informed that defendant was not the owner.

It has been held, in numerous cases, that where a particular act is of such a character as to constitute two distinct crimes, conviction for one will not bar prosecution for the other.  Thus a person may be legally convicted of " retailing without a license " and of " trading with a slave," though both offenses arise out of the same act; and for " keeping a drinking-house," and also for " being a common seller of intoxicating liquors," though the same illegal acts are offered in sup-

port of each offense; and there are other like cases. State vs. Glargon, Dudley, S. C., 50; State vs. Inness, 53 Maine, 536; State vs. Maher, 35 Id., 225; State vs. Coombs, 32 Id., 529; Com. vs. McShane, 110 Mass. 502.

These cases are much stronger than the one before us, because, here the identity of the transaction constituting the two offenses is only partial.

Indeed, common sense suggests no plausible reason why defendant should not be punished for embezzling cotton entrusted to him by George, because he has been punished for obtaining Martin's money on false pretenses.

Judgment affirmed.