The opinion of the court was delivered by
Fenner, J.
The defendant, being prosecuted for grand larceny of certain goods of the property of Harry H, Waters, filed a plea of autrefois acquit based upon a former information, trial and acquittal for grand larceny of the same goods at the same time and place. The identity of the particular acts involved under the two informations is not disputed, but the first record exhibits an information for larceny of goods alleged to be “ the goods and chattels of one Louise Waters.”
At the suggestion of the district attorney the court referred the issue of autrefois acquit to a jury, to which ruling defendant objected and excepted.
*937 There is no merit in this exception. The judge’s course was proper -under all authorities. State ex rel. Voorhies vs. Judge, 42 An. 414; 1 Bish. Or. Frac., Secs. 812, 816; Whart. Or. P. and P., Sec. 480; Archbold Or. P. and P., pp. 369, 371.
The issue went to the jury, which was instructed by the court that “ if they find as a fact that the prisoner was acquitted under the first information because of a misnomer in the allegation of ownership, such acquittal would not be a bar to a second prosecution, wherein the ownership of the property alleged to be stolen was laid in another and different person.”
To this instruction the defendant excepted, and as it involves the whole merits of the plea of autrefois acquit, it may be considered together with the motion in arrest afterward filed.
The jury, after hearing evidence and argument, returned a verdict rejecting the plea.
We have not reached our conclusion on the question involved in this plea without grave consideration and some doubt ,'as to what might be our opinion if the question were res nova; but we find such a consensus of authority on the subject that we think it safest to follow it.
The precise question has not been heretofore presented in this State, but we have, on germane questions, frequently recognized the rule that “the test whether the plea of autrefois acquit is a sufficient bar in any particular case is whether the evidence necessary to support the second indictment would have been sufficient to have procured a legal conviction on the first.” State vs. Kehoe, 13 An. 243, 244; see, also, State vs. Vines, 34 An. 1079; State vs. Helveston, 38 An. 314; State vs. Faulkner, 39 An. 811.
And it is under the application of this rule that it has been constantly held that acquittal under an indictment for larceny which laid the property of the goods in the wrong person was no bar to a subsequent prosecution under an indictment stating the goods to be the property of the legal owner, for the reason that in either case it was essential to prove the property of the goods as laid in the indictment, and that evidence showing the goods to be the property of A under the last indictment would not have supported a conviction under the first indictment for stealing the goods of B, but would have been 'necessarily fatal to it. State vs. Risher, 1 Rich. (S. C.) Rep., p. 219; State vs. Revels, 1 Busbee (N. 0.),p. 200; *938 State vs. Birmingham, Ib., p. 120; Morgan vs. State, 34 Texas, 677; Rex vs. Green, 7 Cox Cr. C. 186; R. vs. Henderson, 1 Car & March, 328.
There are numerous cases strictly analogous, in which the same principle has been applied. Pennsylvania vs. Huffman Addison, p. 14; Com. vs. Mortimer, 2 Va. Cases, 325; Com. vs. Wade, 17 Pick. 395; People vs. Warren, 1 Parker C. C. 338; Hite vs. State, 9 Yerger, 357; Rex vs. Cogan, 1 Leach, 448. See also Arch. Cr. P. and P., p. 364; 1 Whart. Cr. L., Secs. 556, 557; 1 Bishop Cr. L., Sec. 1052.
The provision of our Constitution that no person shall “ be twice put in jeopardy for the same offence” does not differ from the like provision contained in the Constitution of the United States and of the other States of this Union. They all agree that to entitle the party to its benefits the second jeopardy must be for the “same offence.” The principle on which the numerous authorities quoted rest is that the charge of stealing goods, the property of A, is not the “ same offence” with a charge of stealing goods the property of B, and that the evidence essential to support the one charge would necessarily destroy the other. While our law grants great latitude of amendment in cases of misnomer, and while it would be better practice in such cases for the State to avail itself of this privilege, the law does not make it a duty and we can not enforce it as such.
We have considered the cases of State vs. Ware, 44 An. 594; State vs. Harris, 42 An. 980; State vs. Hanks, 39 An. 235, and State vs. Everage, 33 An. 120, but they do not bear on this case. The two first and the last dealt with questions of disputed ownership, in which the ownership, as laid in the indictment, was held sufficient to sustain it under the proof; and the other was a case in which, on discovery of error in the ownership as laid, the indictment was duly amended. But no decision has ever held that an indictment for larceny of goods the property of A could be sustained by proof of larceny of goods the property of B, in absence of timely amendment. This is the principle on which the decisions rejecting the plea of autrefois acquit in such cases rest, and as the courts and text-writers are in accord, and no suggestion to the contrary by any authority whatever is referred to Or can be found by us after diligent search, we are not disposed to break the force of unanimous precedents and to isolate our own jurisprudence on such a question.
*939 The jury was properly instructed by the judge, and having heard evidence and found, as a fact, that “the prisoner was acquitted under the first information because of the misnomer in the ’allega" tion of ownership,” we must accept that conclusion as final and as bringing the case within the strictest application of the authorities.
These views cover all points in the case except the refusal of the motion for new trial based on the allegation that “defendant was forced to go to trial without the presence or assistance of her counsel.” The statement of the judge shows that the case had beenr regularly fixed with full notice to defendant and her counsel; that the counsel had left the court room before the case was called up, without leaving any word with any person; that the judge ordered a fruitless search for him in the building and on the adjacent streets; that he then asked the defendant if she was willing for the trial to go on and she replied that she was, and that the trial accordingly proceeded.
There is no reversible error in the judge’s action. The case is stronger against the defendant than that of State vs. Walker, 39 An. 20, where we said: “This court has repeatedly held that when accused has no counsel, or when his counsel is absent, and when he makes no application for assignment of counsel or for continuance on any ground, but goes to trial without objection, the judge commits no error in permitting the trial to proceed, and after conviction defendant can not assign such defects as legal ground for new trial. 25 An. 381; 36 An. 91; 37 An. 606; 36 An. 923.”
Judgment affirmed.