Besides, there is no evidence before us of excessive rates.

It is therefore ordered, adjudged, and decreed that our former decree be reinstated as the judgment of this court; and it is ordered, adjudged, and decreed that the judgments of the district court and of the Court of Appeal are avoided, annulled, and reversed, as heretofore decreed.

---

(46 South. 1016.)

No. 17,136.

STATE v. BARRETT et al.

(June 23, 1908.)

1. FORGERY—ALTERING FORGED INSTRUMENT.

To alter a forged instrument is to contribute towards the forgery thereof.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Forgery, § 21.]

2. SAME — UTTERING FORGED INSTRUMENTS— STATUTES.

Rev. St. § 833, making it a crime to forge or alter instruments with intent to defraud, and to "alter or publish" as true a forged instrument, does not make it an offense to utter a forged instrument, though the quoted word "alter" is a misprint for the word "utter," which error the court cannot correct.

3. INDICTMENT AND INFORMATION—UNNECESSARY WORDS—SURPLUSAGE.

Unnecessary words in an indictment may be rejected as surplusage, and are harmless so long as they do not negative the offense meant to be charged.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Indictment and Information, § 311.]

4. FORGERY — PUBLISHING FORGED INSTRUMENT—INDICTMENT—SUFFICIENCY—"UTTER" —"PUBLISH."

An indictment alleging that accused did "utter and publish" as true a forged instrument states an offense under Rev. St. § 833, making it an offense to "alter or publish" as true a

forged instrument, since the word "utter" is mere surplusage, and does not show that accused did not commit the offense of publishing, the words "utter" and "publish" conveying the meaning of disposing of the forged instrument, and having about the same meaning (citing Words and Phrases, verba "Utter and Publish").

[Ed. Note.—For other definitions, see Words and Phrases, vol. 7, p. 5847; vol. 8, pp. 7251–7252.]

5. CRIMINAL LAW—FORMER JEOPARDY.

Since the evidence which will support an indictment for publishing a forged instrument is not sufficient for a conviction for the forgery thereof, the acquittal on the charge of forgery is not a bar to a prosecution for publishing the forged instrument.

Appeal from First Judicial District Court, Parish of Caddo; Andrew Jackson Murff, Judge.

George Barrett and another were convicted of publishing a forged instrument, and they appeal. Affirmed.

Cal. D. Hicks, for appellant Oliver. Walter Guion, Atty. Gen., and William Hampton Scheen, Acting Dist. Atty. (Lewis Guion, of counsel), for the State.

PROVOSTY, J. The first part of section 833, Rev St., makes it a crime to "forge or counterfeit, or falsify, make or alter" certain named instruments, with intent to injure or defraud; and the second part of the section makes it a crime to "alter or publish" as true any of these same instruments when forged, with the same intent. The charge against defendant is that with said intent he did "utter and publish" as true a forged instrument of the kind named. He demurred, on the ground that the indictment did not set forth any crime known to our law; and, as on a previous indictment he had been tried and acquitted of having forged the instrument in question, he also pleaded autrefois acquit. The pleas were overruled, and he was tried and convicted, and sentenced, and has appealed.

It will be noted that the statute reads "alter or publish"; whereas the indictment reads "utter and publish." The word "alter" in the statute is, we believe, a misprint for "utter." If it were not, the second part of the section would, in so far as the altering of instruments was concerned, be but a repetition of the first part; it would make that a crime which had already been made a crime by the first part. For, to alter a forged instrument is to contribute towards the making of it, that is to say, to forge it. The French text of the original statute, Act 1818, p. 172, shows that the word "alter" is a misprint for "utter." Strange to say, the misprint was reproduced in the Revisions of 1856 and 1870. While we are convinced of the misprint, however, we are powerless to rectify it; for, as a matter of fact, the Legislature has not thus far said that to utter a forged instrument shall be a crime.

But this statute does say that to publish such an instrument shall be a crime, and the defendant is charged with having published the instrument in question. The presence of the word "utter" in the indictment can do no harm; it is mere surplusage. It does not show, or tend to show, that the defendant did not commit the crime of publishing the instrument in question; and the rule is that unnecessary words in an indictment may be rejected as surplusage, and are harmless, so long as they do not negative the offense meant to be charged. Bishop Crim. Pro. (4th Ed.) pp. 298, 301, §§ 478, 482. So well recognized is this that we have no hesitation in saying that the expression to the contrary in the opinion on application for rehearing in the case of State v. Anderson, 30 La. Ann. 565, must have been made without due consideration of the matter. The words "utter" and "publish" have in law nearly the same meaning; hence, it is not possible that the joining of the two words in an indictment should vitiate it. That the two words have about the same meaning, see Bouvier Law Dic., and Words and Phrases, verba, "Utter

and Publish." In fact, the two words are almost invariably linked together in the books for more fully conveying the meaning of putting off or disposing of the forged instrument.

Passing to the plea of autrefois acquit, we can dispose of it by saying that the evidence which will support an indictment for publishing will not be sufficient for a conviction on an indictment for forgery; and that therefore the acquittal on the latter charge cannot serve as a basis for autrefois acquit on the former. State v. Williams, 45 La. Ann. 936, 12 South. 932.

A bill of exception was reserved to the action of the court in permitting the cross-examination of the defendant to be resumed after it had been interrupted by some questions put by the judge himself. This bill can hardly have been intended seriously.

Judgment affirmed.