(70 South. 55)

No. 21591

STATE v. XENOS.

(Nov. 2, 1915.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW ⟨⟩195—FORMER JEOPARDY —IDENTITY OF OFFENSE.

The plea that the defendant's liberty had been in jeopardy in a previous trial for the same offense is without merit, when the record does not disclose that the former indictment referred to the same offense for which the defendant was subsequently indicted and convicted.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 382, 383; Dec. Dig. ⟨⟩ 195.]

2. CRIMINAL LAW ⟨⟩1124—APPEAL—DENIAL OF NEW TRIAL—EVIDENCE.

When the record does not show affirmatively that the state failed to introduce evidence of a fact necessary to convict the accused, this court has no authority to reverse the ruling of the trial judge overruling a motion for a new trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2939, 2946–2948; Dec. Dig. ⟨⟩1124.]

Appeal from Eleventh Judicial District Court, Parish of Red River; W. T. Cunningham, Judge.

Jim Xenos was convicted of keeping a grog shop or tippling shop and retailing intoxicating liquors without a license, and appeals. Affirmed.

Carter & O'Quinn and Thomas W. Nettles, all of Coushatta, for appellant. R. G. Pleasant, Atty. Gen., and J. F. Stephens, of Coushatta, Dist. Atty. (G. A. Gondran, of New Orleans, of counsel), for the State.

O'NIELL, J. The defendant was tried by the district judge on a bill of information charging him with keeping a grog shop or tippling shop and retailing intoxicating liquors without having obtained a license from the parish or any municipal authority. He was convicted and sentenced to pay a fine of $500, and costs, and to serve 30 days' imprisonment in the parish jail, and, in default of the payment of the fine and costs, to serve an additional term of 6 months in the parish jail, subject to roadwork. He has appealed, and relies upon two bills of exception to set aside the verdict and sentence.

[1] The first bill of exceptions was reserved to the overruling of the defendant's plea that his liberty had been in jeopardy in a previous trial for the same offense. There was no merit in the plea. The record discloses that the defendant was indicted by the grand jury for retailing spirituous liquors without a license. At the beginning of his trial under that indictment, when the first witness was sworn, and before any evidence was introduced, the defendant's counsel objected to any testimony to prove the sale of beer or malt liquor. The district attorney immediately entered a nolle prosequi; and, on the same day, filed the bill of information charging the sale of spirituous and intoxicating liquors.

Pretermitting the question arising from the fact that no evidence was introduced, and hence no conviction could have been had under the indictment, it does not appear that the bill of indictment and bill of information referred to the same transaction. The former charged that the offense was committed on or about the 4th of July, 1915, and the latter charged that it was committed on or about the 8th of July, 1915.

[2] The other bill of exceptions was reserved to the overruling of the motion for a new trial. The allegations of the motion are that the evidence introduced by the state failed to connect the accused with the sale of the intoxicating liquor, and that the state failed to introduce certain evidence necessary to convict the accused of the offense charged. The record does not disclose that the state failed to introduce any evidence that was necessary to establish the guilt of the accused. On the contrary, the statement per curiam is:

"The state established the guilt of the accused beyond a reasonable doubt."

This court has no jurisdiction to determine questions of fact pertaining to the guilt or innocence of the accused in a criminal case.

The verdict and sentence appealed from are affirmed.