LAND, J.
The information filed in this case chargeá that the defendant did unlawfully manufacture, sell, and dispose of intoxicating liquor for beverage purposes.
.Bill of Exceptions No. 1.
Defendant having demanded that the state should designate which charge it would prosecute, the district attorney elected to proceed with the trial on the charge of manufacturing intoxicating liquors for beverage purposes.
Defendant having requested in a motion for a bill of particulars information as to the kind and quantity of liquor and where manufactured, the state in its answer to said motion designated the premises of the defendant as the place of manufacturé and the liquor manufactured as “whisky.” Defendant then excepted to the bill of particulars furnished as insufficient, as the quantity, kind, and class of intoxicating liquors were not indicated in said bill. As the quantity of the intoxicating liquor manufactured is not an element of the offense of manufacturing intoxicating liquors for beverage purposes, and as the penalty denounced by the 1-Iood Act upon conviction for such offense does not depend upon the quantity, we see no good reason why the quantity should be set out in a bill of particulars. Moreover, the return on the search warrant in this case shows that a 32-gallon barrel of mash was found on the premises of the defendant, and, as the manufacture of the whisky was not completed, the quantity of the liquor could not be ascertained at the stage the process of manufacture had reached at the time defendant was arrested.
*947 The kind of liquor was designated' as “whisky” in the bill of particulars. The liquor to be manufactured being “whisks’-,” it was necessarily included in class 1 of section 8 of the Hood Act, which enumerates nine commonly known and well-recognized intoxicating liquors, which require no specific- definition. State v. Coco, 152 La. 241, 92 South. 883.
Bill of Exceptions No. 2.
Upon the, failure of the state to produce the still and ’its parts on the trial of the case, defendant moved that he be discharged from custody, for the reason that under the law the production of these articles was material and important for the purpose of showing whether or not they were used for the purpose of manufacturing liquor. Defendant contended that the production of the search warrant at the trial was also indispensable, as Act 39 of 1921 made it the duty of the sheriff to preserve said warrant, the still and its parts, and all liquors seized; and ■that, unless the search warrant shows on the affidavit of two responsible persons that the dwelling of defendant was being used as a cloak to violate the liquor laws, the possession of whisky would not be a violation of the law. /
The search warrant was produced under the order of the court and showed upon its face that defendant’s dwelling was being used as a cloak for the manufacture and sale of intoxicating liquors and that the warrant issued upon the oath of two reliable persons named in the affidavit, made as a basis for the issuance of said warrant.
The trial judge states in his per curiam to this bill that, on the request of counsel for defendant that the still, coil, and other articles claimed to be used in the manufacture of liquors in this case be produced, the coiirt ordered this done; but the deputies who made the search and arrest in the case testified that, while they found the still, etc., and carried same and deposited it in the custody of the sheriff, they were unable at the- time of the trial to identify the particular still from a considerable number of stills in the hands of the sheriff, all of which had the labels on them removed.
The court stated to counsel for defendant that, if his client admitted he haá a still, and that same was taken by the officers, he was at liberty to pick the same out from among the other stills, if he could, and cared to do so. This offer was declined. The court therefore properly refused to discharge defendant.
 The fact of the finding of the still and its parts and a quantity of mash in the possession of defendant and on his premises, and the fact that these articles were deposited with the sheriff, but were incapable of identification by the state in part, was in evidence before the trial judge, as well as the search warrant and the return made thereon. The statute does not declare that the sole or exclusive proof in these eases shall consist of the production of the still and its parts, the liquor seized, and the search warrant and return. When these articles are in custody-and can be identified, and their production is demanded by defendant, they should be produced at the trial. Their' nonproduction, however, for reasonable cause, does not entitle defendant to a discharge, where the evidence before the court is sufficient to convict.
Bill of Exceptions No. 3.
Under the state of facts recited above, the defendant moved the court to continue the case until the still and its parts should be produced. This motion of counsel was correctly denied by the trial judge under the circumstances of the case; the production of these articles- not being possible for lack of identification, although they were proven to have been left in the custody of the’sheriff.
*949 Bill of Exceptions No. 4.
This bill was reserved to the statement of the court, when the articles were not produced, that defendant was at liberty to pick his still out from among the other stills, on the ground that such statement was a demand that the defendant should testify and furnish evidence against himself. This complaint is without merit. The per curiams of bills of exceptions Nos. 2 and 4 show clearly that the court did not order defendant to go and to select the articles used in the manufacture of the liquor in this case. The statement of the court, at best, was a mere suggestion, a mere permission. There was no command or compulsion in the language of the trial judge, and no compliance by the defendant.
Bill of Exceptions No. 5.
(The motion for new trial was properly overruled, as it contains a reiteration of the grounds of the various bills of exceptions already discussed and disposed of in this opinion. The complaints in said motion as to the insufficiency of the evidence to convict, and as to the refusal of the court to consider the good character of the defendant, are matters which are not within our jurisdiction to review, as they present no question of law.
The trial judge may have disbelieved the testimony of the character witnesses. Moreover, testimony as to good character, ■even when credible, is wholly unavailing, if the trial judge is satisfied of the guilt of the accused beyond a reasonable doubt. State v. Nicholls, 50 La. Ann. 707, 23 South. 980 ; State v. Biculfi, 35 La. Ann. 770 ; State v. Spooner, 41 La. Ann. 780, 6 South. 879 ; State v. Simon, 131 La. 528, 529, 59 South. 975.
The failure of a trial judge or of a jury’ to give a' prisoner the benefit of a reasonable doubt is a matter not reviewable by this court, as they are the sole judges of the facts on. the question of guilt or innocence.
Motion in Arrest.
Defendant filed a motion in arrest of judgment on the following grounds:
(1) Because the bill of information charges ■no crime defined or.known under the Constitution. and laws of this state.
(2) Because the Hood Act deprives defendant of his liberty and property without due process of law.
(3) Because section .8 of Act 39 of 1921 [Extra Sess.] is in contravention of the state Constitution, in that it seeks to adopt a statute or law operative outside of the jurisdiction of the state of Louisiana.
(4) Because the whole of Act 39 of 1921 [Extra Sess.] is vague, indefinite, and conflicting.
(5) Because we have no specific statute in the state of Louisiana defining “whisky” or particular intoxicants except the federal definitions.
The matters complained-of have been repeatedly passed on by this court adversely to the contentions of the defendant, and we therefore deem it unnecessary to cite the numerous decisions of this court on the subject. The general charge that Act 39 of 1921 [Extra Sess.] is vague, indefinite, and conflicting, ' is itself too vague and indefinite to present to our consideration any questions of law for review. The motion in arrest was properly overruled.
The conviction and sentence appealed from . are therefore affirmed.