(101 South. 255)

No. 26663.

**STATE v. FOSTER et al.**

**In re FOSTER.**

(June 20, 1924.)

*(Syllabus by Editorial Staff.)*

**1. Statutes ⟐118(1)—In statute, stated purpose of which was to grade misdemeanors and minor offenses, attempt to grade a felony unconstitutional as broader than title.**

An attempt, in an act entitled "an act to grade misdemeanors and minor offenses * * * and fix the minimum and maximum penalties therefor." to grade a felony would be unconstitutional as being broader than the title.

**2. Statutes ⟐118(1)—Statute grading misdemeanors and minor offenses held not unconstitutional as attempt to grade felony not within title.**

Section 2 of Act No. 107 of 1902, entitled "an act to grade misdemeanors and minor offenses," grading the offense of assault and battery, *held* not unconstitutional as an attempt to grade the felonies defined by Rev. St. 1870, § 794, as amended by Act No. 17 of 1888, and section 795, as amended by Act No. 95 of 1898.

**3. Assault and battery ⟐48 — "Battery," "wound," "maim," and "mayhem" defined.**

A "battery" may consist of forcible striking with hand, stick, or the like, and may include every touching or laying hold (however trifling) of another in an angry, revengeful, rude, insolent, or hostile manner; "wound," meaning breach of skin, "maim" permanent injury or crippling, and "mayhem" implying permanent injury or crippling resulting in lessened ability to defend self.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Battery; Maim; Mayhem; Wound.]

**4. Criminal law ⟐196—Test of sufficiency of plea of "autrefois acquit" stated.**

The test of the sufficiency of a plea of "autrefois acquit" is whether the evidence necessary to support the second indictment would have been sufficient to have procured a legal conviction on the first; substantial identity of the offenses being essential.

**5. Criminal law ⟐200(2)—Plea of autrefois acquit held not sustained.**

In prosecution for assault and battery, that defendant had previously been prosecuted and acquitted for attempted arson, and in such prosecution was shown to have assaulted the owner of the building just before the alleged offense, *held* insufficient to sustain a plea of autrefois acquit and former jeopardy.

**6. Criminal law ⟐196—Test of former jeopardy stated.**

The test of former jeopardy is whether, on the former trial, accused could have been convicted of the crime charged against him in the second.

**7. Criminal law ⟐197—Prosecution on any part of single crime bars subsequent prosecution on whole or part.**

A prosecution of any part of a single crime, at a time when the entire crime could be prosecuted, bars any further prosecution based on whole or part thereof.

**8. Indictment and information ⟐125(2)—Assault and battery may not be charged in same count or separate count of indictment for arson.**

The offense of assault and battery cannot be charged either in the same or in a separate count of an indictment for arson.

**9. Assault and battery ⟐48—Instructions relating to offense other than charged held properly denied.**

In prosecution under Act No. 107 of 1902, § 2, for assault and battery, requested instructions relating to the crime of inflicting a wound less than mayhem, defined by Rev. St. 1870, § 794, as amended by Act No. 17 of 1888, *held* properly denied.

**10. Criminal law ⟐1158(1), 1159(1)—Appellate jurisdiction limited to questions of law alone; credibility of witnesses, weight and sufficiency of evidence for jury and trial court.**

Under Const. 1921, art. 7, § 10, appellate jurisdiction of Supreme Court in criminal cases extends only to questions of law, and in misdemeanor cases it is exclusively province of jury and trial judge to pass upon credibility of witnesses and weight and sufficiency of evidence.

**11. Courts ⟐204—Accused's guilt or innocence not reviewable in unappealable case in exercise of supervisory jurisdiction.**

Under Const. 1921, art. 7, § 2, Supreme Court in unappealable case cannot review facts bearing on guilt or innocence of accused in exercise of its supervisory jurisdiction.

12. **Criminal law** ⚖══1159(5)—**Findings of fact as to defendant's guilt or innocence and his good character not reviewable.**

Findings of fact as to defendant's guilt or innocence and as to his good character as affecting right to suspended sentence or mitigation of penalty are not reviewable by Supreme Court.

13. **Judges** ⚖══49(1)—**May not be recused on second trial, so long as rulings are fair and impartial.**

In misdemeanor case tried without jury, a judge cannot be recused on second trial merely because he formed an opinion from the evidence heard on the first trial, so long as his rulings are correct and trial is fair and impartial.

14. **Judges** ⚖══53—**Right to have judge recused waived by voluntarily going to trial.**

By voluntarily going to trial, when accused knew that the trial judge had heard evidence adduced on trial for a related offense, he thereby waived his right to have such judge recused.

Ben Foster was convicted of assault and battery, and he applies for writs of certiorari and prohibition. Alternative writs recalled, and application for writs denied.

Thos. Arthur Edwards, of Lake Charles, for relator.

By the WHOLE COURT.

LAND, J. The relator, Ben Foster, was tried by jury for the crime of attempting to commit arson on February 26, 1924, and was acquitted.

On the trial of the case, the state proved that, a short time before the attempted arson, defendant had assaulted and beaten Abb Perkins, the owner of the dwelling house, with a stick. After the acquittal of relator, the district attorney on May 12, 1924, filed an information charging that relator—

"on or about the 26th day of February, 1924, did unlawfully make an assault in and upon Abb Perkins, and him, the said Abb Perkins, did then and there unlawfully strike, beat, bruise and wound short of maiming, contrary to the form of the statute of the state of Louisiana," etc.

Relator was convicted under said information, and, the sentence imposed upon him not being within our appellate jurisdiction, he has invoked our supervisory jurisdiction, in order to have the errors of which he complains reviewed. This information is based upon section 2 of Act 107 of 1902, entitled:

"An act to grade misdemeanors and minor offenses against the state, and to fix the minimum and maximum penalties therefor, in accordance with the direction of the General Assembly contained in article 155 of the Constitution."

[1] 1. Relator filed a motion to quash the information and a motion in arrest of judgment, on the ground that section 2 of said act attempts to grade a felony, the offense of inflicting a wound less than mayhem, denounced in section 794 of the Revised Statutes of the state of Louisiana, and also a felony denounced in section 795 of said Revised Statutes, defining certain acts committed "with intent to maim, disable, and disfigure." The motions to quash and in arrest of judgment were overruled. It is true that any section of Act 107 of 1902 would be unconstitutional, in so far as it attempted to grade a felony, as the grading of misdemeanors and minor offenses only is permissible under the title of the act. The grading of felonies would be broader than the title. State v. Dalcourt, 112 La. 420, 36 South. 479; State v. Evans, 122 La. 273, 47 South. 603; State v. Wall, 126 La. 400, 52 South. 556.

[2] The court, however, is not of the opinion that section 2 of Act 107 of 1902 attempts to grade either of the felonies defined in the above sections of the Revised Statutes of 1870.

Section 2 of said act reads as follows:

"Be it further enacted, etc., that the offense of assault and battery shall be graded as follows: Whoever shall assault and beat, without wounding, another person shall be fined, etc.; whoever shall assault, beat, and wound

short of maiming, (sic) another person shall be fined, etc."

Section 794 of the Revised Statutes of 1870, as amended by Act 17 of 1888, is in the following words:

"Whoever shall willfully and maliciously, with a dangerous weapon, or with intent to kill, inflict a wound less than mayhem, upon another person, shall, on conviction, be imprisoned not exceeding two years, with or without hard labor, and fined not exceeding one thousand dollars."

Section 795 of the Revised Statutes of 1870, as amended by Act 95 of 1898, declares that:

"If any person with malice aforethought, shall cut or bite off an ear, cut out or disable the tongue, while fighting or otherwise slit, cut or bite off the nose or lip, or cut off or disable any limb or member of any person, with intention to maim, disable or disfigure him, he shall, on conviction, pay a fine not exceeding one thousand dollars, and be imprisoned at hard labor or otherwise not exceeding seven years."

[3] A battery may consist of forcible striking with a hand, with a stick, or the like, and it may include every touching or laying hold (however trifling) of another or of his clothes in an angry, revengeful, rude, insolent, or hostile manner. State v. Robertson, 48 La. Ann. 1071, 20 South. 296.

·A "wound" is a breach of the skin, or of the skin and the flesh, and there need be no effusion of blood. Bish. Stat. Crimes (2d Ed.) § 314.

The word "maim" implies a permanent injury or crippling, and is not according to the better use, a synonym for mayhem, which is a particular aggravated sort of maim. Bish. Stat. Crimes (2d Ed.) § 316.

A mere breach of the skin or of the skin and the flesh may be produced with a stick, and such injury would clearly constitute a wound less than maiming; i. e., less than a permanent injury or crippling. It is therefore clear that section 2 of Act 107 of 1902 intended, as expressly declared in said act,

to grade the offense of "assault and battery," first, by providing penalties for ordinary cases, without any wound resulting, and, second, by providing penalties for aggravated cases, in which a wound was inflicted. without permanent injury or crippling.

The distinction between "a wound" inflicted in a case of aggravated assault and battery and "a wound" inflicted in case of wounding less than mayhem, under section 794 of the Revised Statutes, is that under said section "the wound" must be inflicted, either "with a dangerous weapon," or "with intent to kill," and the act must be "willfully and maliciously done," while in cases of aggravated assault and battery no such essentials are required.

Section 2 of Act 107 of 1902 refers neither to "wounds" inflicted "with dangerous weapons," nor "with intent to kill," nor does said section contain the word "mayhem." The word used in section 2 of said act is "maiming," a clear typographical error, as "maiming" is the word apparently intended.

"Mayhem" implies a permanent injury or crippling, and at common law consists of bodily harm to another, such as to render him less able to defend himself or less able to annoy his adversary, as distinguished from one which merely disfigures or does not disable. R. C. L. vol. 8, p. 304, §§ 328, 329; Bish. Stat. Crimes (2d Ed.) § 316.

We have not adopted the offenses of mayhem in this state, as known at the common law. Our statute on the subject denounces various acts, committed "with malice aforethought," such as cutting or biting off an ear, cutting out or disabling the tongue, slitting, cutting, or biting off the nose or lip, or cutting off or disabling any limb or members of any person, "with intention to maim, disable or disfigure him."

Section 2 of Act 107 of 1902 contains not the slightest reference to our statutory of-

fense of "maiming," as far as grading said offense is concerned, although it may be true that any wound less than "maiming," as defined in section 795 of the Revised Statutes, and inflicted in an assault and battery case, may be included in section 2 of the Graded Misdemeanor Act.

The respondent judge was therefore correct in holding said section of said act constitutional.

[4] 2. Relator also filed pleas of autrefois acquit and former jeopardy as bars to his prosecution for assault and battery, under the information filed. These pleas were overruled. The basis of said pleas is that relator cannot be now prosecuted for assault and battery, for the reason that he had been previously acquitted of the crime of attempt to commit arson, and had been placed in jeopardy on the former trial as to assault and battery, because the state introduced evidence at said trial to the effect that relator had assaulted and beaten the owner of the dwelling house shortly before the attempted arson, and the second trial was had upon the same evidence adduced on the former trial. This court has repeatedly held that—

"The test whether the plea of autrefois acquit is a sufficient bar in any particular case is whether the evidence necessary to support the second indictment would have been sufficient to have procured a legal conviction on the first." State v. Williams, 45 La. Ann. 936, 12 South. 932; State v. Keogh, 13 La. Ann. 243; State v. Vines, 34 La. Ann. 1079; State v. Helveston, 38 La. Ann. 314; State v. Faulkner, 39 La. Ann. 811, 2 South. 539.

Autrefois acquit is a plea made by a defendant, indicted for a crime or misdemeanor, that he has been formerly tried and acquitted of the same offense.

"To render the plea of a former acquittal a bar, it must be a legal acquittal, by a judgment upon trial, for substantially the same offense, by a verdict of a petit jury." Blackstone, vol. 4, p. 355; Chitty, Crim. Plead. p. 376; State v. Brown, 8 Rob. 566; State v. Hornsby, 8 Rob. 583, 41 Am. Dec. 314; State v. Walters, 16 La. Ann. 400.

156 La.—29

While formal, technical, and absolute identity of the offenses is not necessary, yet substantial identity is an essential element in support of a plea of autrefois acquit. State v. Roberts, 152 La. 283, 93 South. 95, 24 A. L. R. 1122.

[5] Relator produces here a record showing his acquittal only for the crime of attempted arson. That assault and battery is not substantially the same offense as an attempt to commit arson is self-evident.' That relator could not have been convicted of assault and battery under the former charge, and that the evidence sufficient to support a conviction for assault and battery could not possibly sustain a conviction for attempted arson is also obvious.

[6] We have also repeatedly held that—

"The test of once in jeopardy is whether on the former trial the accused could have been convicted of the crime charged against him on the second trial." State v. Mat Yokum, 155 La. 846, 99 South. 621; State v. Terry, 128 La. 680, 55 South. 15; State v. Williams, 45 La. Ann. 936, 12 South. 932; State v. Vines, 34 La. Ann. 1079; State v. Anderson, 135 La. 326, 65 South. 478; State v. Heard, 107 La. 60, 31 South. 384; State v. Hill, 122 La. 711, 48 South. 160; State v. Barrett, 121 La. 1058, 46 South. 1016; State v. Xenos, 138 La. 113, 70 South. 55; State v. Malone, 28 La. Ann. 80.

[7] It is true that the state cannot split up a crime and prosecute it in parts. A prosecution for any part of a single crime (supposing that at that time the entire crime could be prosecuted) bars any further prosecution based upon the whole or a part of the crime. Whart. Crim. Ev. (10th Ed.) § 580, pp. 1193, 1194; State v. Munco, 12 La. Ann. 625; State v. Keogh, 13 La. Ann. 244.

[8] Assault and battery is not part of the crime of arson and cannot be charged, either in the same count or in a separate count of an indictment for the latter crime. Independent crimes proven on the trial of a case of arson, or attempted arson, to show that the act was committed willfully and maliciously, to establish ill will against the owner

of the property, or motive, or identity of the accused, are mere matters of evidence, and do not constitute essential elements of the offense charged. For the court, the test is whether, on the first trial, there could have been a conviction of the offense prosecuted in the second. If not, then the rule ne bis idem does not apply. Whart. Crim. Ev. (10th Ed.) § 580, pp. 1192, 1193; Wharton Crim. Pl. & Pr. § 465 et seq.

The pleas of autrefois acquit and former jeopardy were properly overruled.

[9] 3. The record before us contains six special charges requested in the lower court and refused. As these instructions relate to the crime of inflicting a wound less than mayhem under section 794 of the Revised Statutes of 1870, and not to the assault and battery charged under section 2 of Act 107 of 1902, they were inapplicable to the case, and were properly rejected.

4. We find also in the record seven assignments of error. Assignments 1 and 2 relate to the alleged errors of the trial judge in overruling the motion to quash on the ground of the alleged unconstitutionality of section 2 of the Graded Misdemeanors Act, and in refusing the pleas in bar tendered by relator. These matters have already been considered by the court in this opinion and decided adversely to relator's contention.

Assignments 3 and 4 refer to the alleged insufficiency of the evidence to convict relator under the charge against him. Assignment 5 complains that the relator was not given the benefit of a reasonable doubt by the trial judge. Assignment 7 is directed at the refusal of respondent judge to consider the record of the accused as a soldier in the World War, in mitigation of penalty, or in support of application for suspended sentence.

[10] The appellate jurisdiction of the Supreme Court extends to criminal cases on questions of law alone. We cannot review the facts as to the guilt or innocence of the accused, in order to determine whether they authorized a conviction. It is exclusively the province of the jury, and of the trial judge in misdemeanor cases, to pass upon the credibility of the witnesses, and to decide as to the weight and the sufficiency of the evidence adduced. Const. 1921, § 10, art. 7; State v. Johnson, 151 La. 625, 92 South. 139; State v. Perez, 151 La. 526; 92 South. 45; State v. Whittaker, 152 La. 639, 94 South. 144; State v. Guirlando, 152 La. 570, 93 South. 796.

[11] Nor can we review the facts bearing upon the guilt or innocence of the accused in an unappealable case, in the exercise of our supervisory jurisdiction. Const. 1921, § 2, art. 7; State v. Hollingsworth, 137 La. 478, 68 South. 834; State v. Maloney, 115 La. 498, 39 South. 539.

Complaints as to insufficiency of evidence to convict, that the trial court refused to consider the good character of the accused, and the question whether there was or was not a reasonable doubt are questions of fact, and present no question of law for review by the Supreme Court. State v. Pete, 153 La. 949, 950; 96 South. 818; State v. Elby, 145 La. 1019, 83 South. 227.

[12] Respondent judge, in his per curiam to bill of exceptions No. B, states that the assault and battery in this case was committed by relator with a stick, upon a very old man, without excuse or provocation, and that a wound was inflicted. In the per curiam to the bill of exceptions reserved to the overruling of the motion for a new trial, the judge a quo declares that "the court found there was such a wound, and found it beyond a reasonable doubt," and that the facts justified the conviction. See assignments of error 3, 4, 5, in bill of exceptions reserved to overruling of motion for new trial. The trial judge also states in the per curiam to assignment of error No. 7, in bill of exceptions reserved to overruling motion for new trial, that "the court did not believe

the evidence of good character," and therefore did not suspend the sentence or mitigate the penalty. We cannot review these findings of fact by respondent judge.

5. The motion for new trial is based upon seven assignments of errors, which have been considered above, with the exception of assignment No. 6, which reads as follows:

"The court further erred in its declaration when the case was submitted to him, in response to the statement by counsel, that it would be submitted on the same evidence provided the court was free and unbiased and without prejudice to try and determine the cause after having heard all the evidence and charged the jury in said cause No. 11311, in which defendant was acquitted of a felony for attempted arson, and the court having stated it was not biased or prejudiced. yet on the trial of said cause the court found the defendant guilty on the same evidence, and demonstrated that he was not free of bias and prejudice in the case by his statements condemning the jury and the defendant, and ignored the special charges granted by the court."

Respondent judge denies any prejudice or bias against relator in the matter. That the trial judge had heard the evidence upon which relator was tried for assault and battery on the former trial for attempted arson is really the foundation of the complaint of alleged bias and prejudice upon his part.

[13] Even in misdemeanor cases, tried without a jury, a judge cannot be recused on a second trial, merely because he formed an opinion from the evidence heard on the first trial, so long as the judge's rulings are correct and the trial is fair and impartial. State v. Angel, 141 La. 921, 75 South. 843. See, also, State v. Hayes, 127 La. 764, 53 South. 983; State ex rel. Martin v. Judge, 152 La. 768, 94 South. 389.

[14] It appears that relator, at the inception of the prosecution in this case, was fully aware of the fact that the trial judge had heard the evidence on the former trial. Yet relator submitted his case to the trial judge, without objection, or motion to recuse, and, if he had had sufficient grounds for recusa-

tion, he would have waived them by going to trial voluntarily under such circumstances. State v. Bordelon, 141 La. 611, 75 South. 429; Ricks v. Gantt, 35 La. Ann. 920.

6. Under the Constitution of the state, misdemeanors are triable in the district courts without juries. Assault and battery is graded as a misdemeanor under section 2 of Act 107 of 1902. The lower court was therefore vested with jurisdiction in the present case. The information filed for assault and battery is valid, and the proceedings below are regular. Const. 1921, par. 2, § 42, art. 7.

The alternative writs herein issued are recalled, and relator's application for a writ of prohibition is denied and dismissed at his cost.

O'NIELL, C. J., concurs in the decree.