262 So.2d 504

**STATE of Louisiana**

v.

**Joseph S. BONFANTI, Jr.**

No. 52253.

May 18, 1972.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Sargent Pitcher, Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellant.

D'Amico, Curet & Bush, Sam J. D'Amico, Baton Rouge, for defendant-appellee.

PER CURIAM.

The defendant, Joseph S. Bonfanti, Jr., was charged with simple battery, La.R.S. 14:35, upon the person of a juvenile, Marcia Ferracci. The defendant was convicted and sentenced to six months imprisonment, which sentence was suspended and the defendant placed on probation for one year.

Subsequently, the defendant was charged with indecent behavior with juveniles, La. R.S. 14:81. In the Bill of Information, he is alleged to have committed a lewd and lascivious act in the presence of Marcia Ferracci, a female child under the age of seventeen.

To this second bill of information, the defendant entered a plea of double jeopardy, which was sustained by the trial court. From that judgment, the State has appealed.

In order to understand the basis for the plea of double jeopardy, an understanding of the facts is necessary. The facts related are given as they appear in the testimony of the prosecuting witness, Miss Ferracci. Her testimony is as follows:

"I was coming back from a football game, and I picked up the baby-sitters to bring them on home, and I brought them home and I dropped them off and on the way back I noticed somebody was following me, and I thought it was someone I knew. So, when I was pulling down the street, Van Drive, I pulled off the side and waited for that person to pass me up because they were tailing me and so they wouldn't pass me up so I figured it was someone that Mother knew because I was in her car. So, I drove up in my driveway and I didn't turn my car off—I just put it in park—and the boy was out there so I thought it was someone who knew me and I said, 'Hi,' you

know, and so he said, 'Hi,' and I went to the car and he was asking me questions and I told him I didn't have time to talk to him and so my neighbor—I was walking into my house and my neighbor was walking toward—well, my neighbor had come by in the car and I was watching her pull up in the driveway, and so he had gotten out of his car and so I started running toward the house because he started running after me and he grabbed me and got me down and he throw me —threw me down on the ground and was —is that loud enough? * * *"

(After a colloquy between the Assistant District Attorney and Miss Ferracci, the following took place.)

"Then he grabbed me by the mouth and he threw me on the ground.

Q. He grabbed you by the mouth? What did he use?

A. His hands.

Q. Was he in front of you or in back of you?

A. Well, he was in back of me.

Q. And he grabbed you—

A. Around—

Q. —with his hand and then he threw you down. How did he throw you down?

A. Well, he was—let's see, he was just throwing me down and he was squatting down in front of me:

Q. In other words, he grabbed you and threw you down?

A. Just like that, I mean, he had his arm rammed in my mouth—in my face and he just dragged me down on the ground and was dragging me.

Q. He was dragging you?

A. Well, trying to get me on the ground.

Q Were you struggling with him at that time?

A. Yes, sir.

Q. Now, what exactly took place during this struggle, when you were struggling with him when he was trying to get you on the ground?

A. He was trying—he was putting his hands up under my dress.

Q. Was he physically putting his hands on you at that time?

A. Yes. What do you mean by that?

Q. Well, he was touching you?

A. Yes.

Q. Was he touching you—there was contact between he and you?

A. Yes.

Q. Now, what happened after that?

A. I was screaming and yelling and so I got his hand away from my mouth and I was struggling and fighting him then—then my mother came out and he jumped up and took off running

toward his car so I went and looked behind his car and got his license plate number and he—he peeled out."

Having tried the initial prosecution for simple battery, the trial judge sustained the plea of double jeopardy. We agree with the trial judge's conclusion that to try the defendant on the subsequent charge of indecent behavior with a juvenile would constitute double jeopardy. The two charges arose from one occurrence. The only witness testified fully concerning defendant's acts. In the simple battery trial, the prosecutrix testified that the defendant put his hands up under her dress. She verified that he was physically touching her at that time. That act, an intentional use of force upon her person, must rationally be concluded to have been part of the basis upon which the trial judge reached his judgment of guilty. The State makes no claim that there is additional evidence to support the charge of indecent behavior.

Article I, § 9 of the Louisiana Constitution of 1921 provides: "nor shall any person be twice put in jeopardy of life or liberty for the same offense . . . ." Under both the jurisprudence and the statutes, defendant's plea of double jeopardy is good. State v. Roberts, 152 La. 283, 93 So. 95 (1922), held that there need only be substantial identity in the offenses charged, explaining that substantial identity exists when the evidence necessary to support the second charge would have been sufficient

for the first. cf. State v. Foster, 156 La. 891, 101 So. 255 (1924).

Code of Criminal Procedure Article 596 provides:

"Double jeopardy exists in a second trial only when the charge in that trial is:

"(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or

"(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial."

This article replaced R.S. 15:279 (Code of Criminal Procedure of 1928), but the Official Revision Comment to C.C.R.P. art. 596 states that the basic test in R.S. 15:279 should be retained (that the offense formerly charged and that presently charged are "either identical or different grades of the same offense . . . .").

With reference to C.Cr.P. art. 596(2), the Official Revision Comment states: "Yet, obviously there should be only one prosecution for what is in effect one criminal course of conduct."

This defendant has been previously convicted of a crime (simple battery) for the same conduct for which he now stands accused of "indecent behavior." The consti-

tution and laws of the State prohibit the second prosecution.

For the reasons assigned, the judgment of the trial court sustaining the plea of double jeopardy is affirmed.